CELESTINO et al., Appellees,

v.

SCHNEIDER, Appellant.

[Cite as *Celestino v. Schneider* (1992), 84 Ohio App.3d 192.]

Court of Appeals of Ohio,
Lucas County.

No. L–92–055.

Decided Dec. 11, 1992.

Paul McCrory, Jr., for appellees.
Sharon Griffin, for appellant.

SHERCK, Judge.

This case is appealed from the Probate Division of the Lucas County Court of Common Pleas, which granted an adoption petition that was filed by the stepfather of two minor children. We find that the manifest weight of the evidence demonstrates that appellant, who is the minor children's natural father, made some meager contribution toward the children's support and, as a result of that contribution, retains the right to object to the proposed adoption of his children. We also find that the court erred in granting the petition for adoption without first examining the best interests of the children. For these reasons, we reverse and remand.

Appellant Robert W. Schneider is the biological father of two minor children, Andrew and Natalie. The children were born of the marriage between appellant and Camile Celestino, f.k.a. Camile Schneider, f.k.a. Camile Pizza. That marriage ended in divorce in 1988. Camile Celestino was awarded custody of the two children, and appellant was ordered to pay approximately $94 per week as child support.

Camile Celestino subsequently married David Celestino, who decided to adopt the two children. Camile and David Celestino, appellees in this case, filed their petition to adopt the children and asserted, in accordance with R.C. 3107.07, that the consent of appellant Robert Schneider was not required because appellant had failed to communicate with or support the children for one year preceding the date of the petition.

The cause was assigned to the Honorable Judge Puffenberger. Appellant requested that Judge Puffenberger recuse himself because the judge was acquainted with Camile Celestino. In response to this request, Judge Puffenberger did recuse himself and the Honorable Judge Restivo was assigned to the case by Chief Justice Moyer of the Ohio Supreme Court. Because Camile Celestino was the daughter of Lucas County Prosecutor Anthony Pizza, appellant's counsel then sent a letter to Judge Restivo inquiring about any professional relationship between Prosecutor Pizza and Judge Restivo. The letter read:

"Pursuant to Judge Puffenberger's September 20th letter to Chief Justice Moyer requesting your assignment to above-captioned case, as copied to you, and just received by me this week, please advise if County Prosecutor Pizza has ever acted as your legal counsel, in either a personal or professional capacity. If so, we must respectfully request you to recuse yourself from the aforecited proposed appointment."

Judge Restivo responded with a letter reading:

"This is in response to your letter of October 3, 1991 regarding my assignment to the aforementioned case.

"Please be advised that I foresee no conflict of interest in this case, and therefore, I have no intention of recusing myself."

The case was then called for a hearing before Judge Restivo on November 21, 1991. The purpose of the hearing was to inquire into the assertions that appellant's consent to the proposed adoption was not required because he had failed to support or communicate with the children for one year prior to the filing of the petition. The evidence showed, and the court found, that appellant had not fully complied with his court-ordered child support obligations. Appellant had made but one payment of $36 during the year preceding the filing of the adoption petition. In an effort to explain his significant lack of child support payments, appellant stated that he had attempted to provide additional support. According to appellant, he was financially unable to give substantially greater support; however, he testified that he had sent some small additional checks that were returned by the Child Support Enforcement Agency because they were personal checks, not certified.

The trial court apparently rejected appellant's testimony and found that appellant's failure to pay additional support constituted a willful and intentional disregard of appellant's obligations.

The trial court made no findings regarding the alleged failure to communicate with the children, but determined that appellant's consent to the adoption was not necessary because appellant had failed to support the children for one year prior to the filing of the petition. The court then overruled appellant's objection to the petition.

After overruling appellant's objections to the petition, the court granted the petition for adoption. Appellant has timely appealed to this court, asserting three assignments of error:

"*ASSIGNMENT OF ERROR # 1:* The trial court erred as a matter of law when it granted Appellees' petition for adoption immediately following hearing on Appellant's alleged willful failure to support.

"*ASSIGNMENT OF ERROR # 2:* The trial court abused its discretion when it ruled against Appellant contrary to the manifest weight of the evidence.

"*ASSIGNMENT OF ERROR # 3:* Because of an apparent and potential conflict of interest, the trial bench committed reversible error when the presiding judge refused to recuse himself from the case."

## I

In his first assignment of error, appellant asserts that the trial court erred in granting the petition based solely on the finding that appellant's consent was not necessary and without making a further determination that adoption was in the best interests of the children. Appellees concede this point.

After a court determines that the consent of a parent is not necessary, the court must still determine if adoption is in the best interests of the child. R.C. 3107.14; *In re Adoption of Jorgensen* (1986), 33 Ohio App.3d 207, 515 N.E.2d 622. In this case, there was no evidence presented, nor any finding made, concerning the question of whether the adoption was in the best interests of the children. Accordingly, we find appellant's first assignment of error well taken.

## II

Appellant next argues that the court's finding that his consent was not required is not supported by the manifest weight of the evidence. Appellees contend, on the other hand, that the finding by the trial court is supported by the evidence and that this court should remand merely for a determination of the best interests of the children.

Parental consent to an adoption is generally a jurisdictional prerequisite. *McGinty v. Jewish Children's Bur.* (1989), 46 Ohio St.3d 159, 545 N.E.2d 1272. However, an exception is created in R.C. 3107.07(A), which provides that consent to adoption is not required where:

"it is alleged and the court finds after proper service of notice and hearing, that the parent has failed without justifiable cause to communicate with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner."

Petitioners bear the burden of proving the applicability of the exception. *In re Adoption of Masa* (1986), 23 Ohio St.3d 163, 23 OBR 330, 492 N.E.2d 140.

A court's finding that a parent failed to provide for support and maintenance for the one-year period prior to the filing of the adoption petition is tantamount to a determination that the parent abandoned the child and thus forfeited parental rights. The inquiry is not whether the parent may be held in contempt, but whether the parent's failure to support as ordered is of such magnitude as to be the equivalent of abandonment. Ohio courts and this court have previously held that any contribution toward child support, no matter how meager, satisfies the maintenance and support requirements of R.C. 3107.07(A).

*In re Adoption of Salisbury* (1982), 5 Ohio App.3d 65, 5 OBR 161, 449 N.E.2d 519; *In re Adoption of Mohr* (Mar. 25, 1988), Lucas App. No. L–87–199, 1988 WL 36175; *In re Adoption of Pinkava* (Jan. 13, 1989), Lucas App. No. L–88–034, 1989 WL 1614.

▆ In this case, it is clear that the one meager payment made by appellant was, in fact, child support. It was not an unnecessary gift.[1] It was not some minimal expense made in connection with visitation. The evidence showed and the court found that appellant had paid some child support within the year preceding the filing of the petition. Therefore, following the dictates of our previous holdings, we conclude that the manifest weight of the evidence demonstrates that appellant did not wholly fail to provide for the support and maintenance of the children and the determination of the trial court, as a matter of law, is incorrect.

We find appellant's second assignment of error to be well taken.

### III

In his third assignment of error, appellant contends that Judge Restivo erred in not recusing himself from the case. Appellant bases this assertion on facts that are not in the record. Appellant argues that Judge Restivo was well acquainted with the county prosecutor, who is the father of Camile Celestino.

▆ We are unpersuaded by appellant's arguments. First, our decisions are based on the record on appeal, not on facts alleged in an appellate brief. *State v. Ishmail* (1978), 54 Ohio St.2d 402, 8 O.O.3d 405, 377 N.E.2d 500. Second, absent bias or prejudice, the fact that a judge is well acquainted with the father of a litigant does not necessarily disqualify the judge. Finally, the procedure for seeking disqualification of a judge is detailed in R.C. 2701.03. Sending the judge a letter and asking if the judge had ever been represented by the father of the litigant does not follow the prescribed method outlined in R.C. 2701.03 for seeking recusation. Accordingly, we find appellant's third assignment of error to be not well taken.

On consideration whereof, the court finds that substantial justice has not been done by the party complaining. The judgment of the Probate Division of the

---

1. In *In re Adoption of McCarthy* (Jan. 17, 1992), Lucas App. No. L–91–199, unreported, 1992 WL 23175, this court reversed a trial court's ruling that a biological father's payment of $14 made directly to his minor son was a payment for maintenance and support as required by R.C. 3107.07(A). This court determined that the trial court's finding was against the manifest weight of the evidence as that money was a gift given to the child and did not constitute maintenance or support. However, in the present case, it is uncontested that the $36 payment was, in fact, for maintenance and support.

Lucas County Court of Common Pleas is reversed. This cause is remanded to that court for further proceedings not inconsistent with this opinion. It is ordered that appellees pay the court costs of this appeal.

*Judgment reversed*
*and cause remanded.*

GLASSER, P.J., and HANDWORK, J., concur.