This appeal arose from a judicial finding in the Allen County Court of Common Pleas, Probate Division, that Thomas Ray Lane's ("Appellant") consent was not required for the adoption of his biological daughter, Heather Christian Lane (n.k.a. "Heather Christian Smith"), by her stepfather, Michael Travis Smith ("Appellee").
On February 2, 1998, the probate court heard the testimony of numerous witnesses on the issue of whether Appellant's consent was necessary for the adoption of his daughter by Appellee. Pursuant to an agreement by the parties, the trial court also heard evidence on the issues of the best interest of the child and the suitability of the adoptive parent.
The facts of the case arose as follows. Heather was born on May 7, 1991 to Appellant and Rebecca Lane (n.k.a. "Rebecca Smith"). Appellant and Rebecca were divorced on June 2, 1991. In May of 1993, Appellant had informed Rebecca that he would no longer pay child support for Heather. Thereafter, Appellant returned several of Heather's personal belongings to Rebecca. The testimony adduced at trial established that the last communication between Appellant and Heather was in late 1994.
Appellee and Rebecca were married on October 8, 1994. Heather has lived with Appellee and Rebecca since 1993.
On September 4, 1997, Appellee filed a petition for the adoption of Heather. Rebecca voluntarily gave her consent to the adoption. Appellant, however, would not give his consent.
On February 2, 1998, the probate court held a hearing to determine whether Appellant's consent to the adoption of his daughter was required. Upon hearing the evidence, the court found that Appellant's consent was not required due to his unjustifiable failure to communicate with Heather for the one-year period immediately preceding the filing of the petition for adoption. The court further held that the adoption would be in the child's best interest and that Appellee would be a suitable parent.
It is from this judgment that Appellant appeals, having set forth the following six assignments of error.
Assignment of Error No. 1
 The trial court's finding that neither petitioner nor mother had significantly interfered with or significantly discouraged the biological father from communicating with the minor child was erroneous, and against the manifest weight of the evidence when the evidence revealed that the mother and the petitioner did discourage the natural father from communicating with his daughter, and there was no evidence presented to the contrary.
 Assignment of Error No. 2
 The trial court's finding that the biological father has failed without justifiable cause to communicate with the minor for a period of at least one year immediately preceding the filing of the adoption petition and therefore, the consent of the biological father to the adoption is not required was erroneous, and against the manifest weight of the evidence when the evidence was that failure to communicate was justifiable.
 Assignment of Error No. 3
 The trial court's finding that in May 1993, the biological father stated he did not want to pay support for the child, returned all personal belongings of the child to the mother and moved from the State of Ohio, has lived in several different states since leaving Ohio and has continuously, since May 1993, refused to inform the mother as to his whereabouts was erroneous, and against the manifest weight of the evidence.
 Assignment of Error No. 4
 The trial court's finding that the petitioner is a suitable person to adopt Heather Lane was erroneous, because as a matter of law the petitioner is not a suitable person to adopt anyone, and such a finding was against the manifest weight of the evidence.
 Assignment of Error No. 5
 The trial court's finding that the petitioner has successfully completed alcohol abuse counseling was erroneous, and contrary to the manifest weight of the evidence.
 Assignment of Error No. 6
 The trial court's finding that the adoption is in the best interests of the minor child is erroneous as a matter of law pursuant to the requirements of O.R.C. § 3107.161.
We first note that Appellee failed to file a brief in the instant matter. Therefore, pursuant to App. R. 18(C) we may accept Appellant's statement of the facts and issues as correct and reverse the judgment of the court below if Appellant's brief reasonably appears to sustain such action.
Appellant's first, second, and third assignments of error will be addressed simultaneously as all three concern the same issue: whether the trial court erred in finding that Appellant's consent to the adoption of his biological daughter was not required.
 I. Consent to Adoption
Appellant initially maintains that the probate court erred in finding that he failed to communicate with Heather for the one-year period immediately preceding the filing of the petition for adoption. For the following reasons, we disagree.
The adoption of a minor child in Ohio generally requires the consent of the child's natural parents. R.C. 3107.06(A) and (B). There is, however, an exception to the consent requirement pursuant to R.C. 3107.07(A). R.C. 3107.07 provides:
 Consent to adoption is not required of any of the following:
 (A) A parent of a minor, when it is alleged in the adoption petition and the court finds after proper service of notice and hearing, that the parent has failed without justifiable cause to communicate with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner.
The burden of proving that the natural parent has either failed to support or communicate with the child for the requisite one-year period and that the failure was without justifiable cause rests with the petitioner, who must do so by clear and convincing evidence. In re Adoption of Bovett (1987),33 Ohio St.3d 102, 105. Once the petitioner has clearly and convincingly established that the natural parent has failed to support or communicate with the child for the one-year period, the burden of going forward with evidence to show some justifiable cause for the failure shifts to the natural parent, although the burden of proof remains with the petitioner. In reAdoption of Bovett, 33 Ohio St.3d at paragraph two of the syllabus. The probate court's judgment will not be reversed as being against the manifest weight of the evidence if we find it supported by some competent, credible evidence. Myers v. Garson
(1993), 66 Ohio St.3d 610; Seasons Coal Co., Inc. v. Cleveland
(1984), 10 Ohio St.3d 77, 80; C.E. Morris Co. v. Foley Constr.Co. (1978), 54 Ohio St.2d 279.
In the case sub judice, both Rebecca and Michael testified at the hearing that prior to the filing of the petition for adoption, Appellant had not seen or spoken to his daughter since 1994. Further, both testified at the hearing that prior to the filing of the petition for adoption Heather had received no phone calls, letters, or packages from Appellant since 1994.
Appellant, meanwhile, asserts that on numerous occasions he attempted unsuccessfully to contact his daughter by means of letters and gifts. Appellant asserts that the failed attempts to communicate with his daughter demonstrate that Appellee has failed to prove the absence of communication between himself and his daughter. We find no merit in Appellant's claim. An unsuccessful attempt to communicate with a child is not a form of communication within the meaning of R.C. 3107.07(A). SeeIn re Adoption of Holcomb v. Bradford, 18 Ohio St.3d 361; In reAdoption of Jordan (1991), 72 Ohio App.3d 638, 644; accord Inre Adoption of Hendrick (1996), 110 Ohio App.3d 622.
The record reveals that prior to the filing of the petition for adoption, Appellant had not had any communication with his daughter since 1994. Having determined that Appellant failed to communicate with his daughter for the requisite period of time under the statute, we must now address his claim that Appellee and Rebecca had significantly interfered with or significantly discouraged him from communicating with his daughter.
Ohio courts have held that justification of a parent's failure to communicate with his or her child is shown when there has been "significant interference by a custodial parent with communication between the non-custodial parent and the child, or significant discouragement of such communication."In re Adoption of Holcomb, 18 Ohio St.3d at 367-368. The factual determination of whether justifiable cause exists rests within the discretion of the probate court and will not be disturbed on appeal unless such determination is against the manifest weight of the evidence. In re Adoption of Lay (1986),25 Ohio St.3d 41, 42; In re Adoption of McDermitt (1980),63 Ohio St.2d 301, 306.
In the present case, the record reveals that Appellant has failed to contact his daughter without reasonable cause. Contrary to Appellant's contention, the evidence demonstrates that nothing was done to conceal the child's whereabouts. Although Appellee and Rebecca have changed places of residence from time to time, there is no credible evidence that their whereabouts have been intentionally concealed. Further, since 1994, except for a brief period of time in Indiana, Rebecca and Appellee have lived in the same general geographical area. Furthermore, Appellee testified at the hearing that their home telephone numbers have always been listed with the telephone company. Rebecca also testified that Appellant knows the precise location of her father's residence in Indiana, and that her father has lived there for thirty-two years. Rebecca further testified that her father has maintained the same phone number for the thirty-two years.
It is well established that a reviewing court must give deference to the findings of the trial court since it is in the best position to observe the witnesses and weigh their credibility. Seasons Coal Co., Inc., 10 Ohio St.3d at 80. In the present case, while it is true that Appellee and Rebecca did not make any overt effort to foster or encourage communication between Appellant and the child, we find there is competent and credible evidence in the record to support the probate court's findings. For these reasons, we find that Appellant's proposition is without merit.
We will address Appellant's fourth, fifth, and sixth assignments of error simultaneously as all three concern the same issue: whether the trial court erred in finding that the adoption was in the best interest of the child.
 II. The Best Interest of the Child
As we previously held, R.C. 3107.07(A) provides for an exception to the statutory right of a parent to withhold his consent to the adoption of his biological child. In re Adoptionof Jorgensen (1986), 33 Ohio App.3d 207; In re Adoption ofWager (Dec. 31, 1997), Ashtabula App. No. 97-A-0010, unreported. After a court determines that the consent of the biological parent is not required, the court must still determine whether the adoption is in the best interest of the child. Celestino v. Schneider (1992), 84 Ohio App.3d 192, citing In re Adoption of Jorgensen, 33 Ohio App.3d at 207; 2 Merrick-Rippner, Probate Law (1997) 511 ch. 98.38. When a court makes a determination in a contested adoption concerning the best interest of a child, the court must take into account, but is not limited to, the factors listed in R.C. 3107.161. See R.C. 3107.161.
We first note that pursuant to the judgment entry of August 13, 1997, the probate court properly considered the factors set forth in R.C. 3107.161. In particular, the evidence adduced at the hearing established that Appellee has lived with the child and has cared for the child since she was three years old. Numerous witnesses also testified that Appellee is a caring and loving father. As noted by the court below, Appellee is the only father the child has known since she was three years old. Other evidence introduced at the hearing indicates that Appellee has a close and loving relationship with the child. Although Appellee has a drinking problem, as evidenced by his three convictions for driving under the influence, the probate court found that he has successfully completed counseling and is suitable to become the adoptive father of the child.[1]
Upon a review of the probate court's decision, we find that the court properly considered the best interests of the child. Therefore, Appellant's proposition is without merit.
For the reasons aforementioned, we overrule Appellant's assignment of errors and affirm the judgment of the probate court.
Judgment affirmed.
BRYANT, P.J., and SHAW, J., concur.
[1] A home study report filed with the probate court on October 8, 1997 shows that in January 1997 Appellee was ordered to undergo counseling due to his repeated convictions for driving under the influence. The report indicates that Appellee complied with the trial court's order.