OPINION
Petitioners-appellants Mark and Shirley Canter appeal from the March 18, 1998, order of the Perry County Probate Court denying their petition for adoption of Stetson David Canter.
 STATEMENT OF THE FACTS AND CASE
On February 21, 1997, appellant, Mark Canter and his wife, Shirley, filed a Petition for Adoption of Stetson David Canter, their grandson, in the Perry County Probate Court. Stetson's mother, appellee Cinda Canter, is appellant Mark Canter's daughter and appellant Shirley Canter's stepdaughter. Appellants, in their petition, asserted that the consent of Cinda Canter and Anthony Broskin, the putative father, to the adoption was not necessary since both had failed without justifiable cause to communicate with Stetson and to provide for his maintenance and support for a period of at least one year immediately preceding the filing of the adoption petition or his placement in appellants' home. Stetson had been residing in appellants' home since July 16, 1996. Pursuant to an order filed on February 24, 1997, a hearing was scheduled for April 17, 1997, on appellants' petition for adoption. The hearing was continued to July 17, 1997, for additional testimony. The following evidence was adduced at the two hearings. Appellee Cinda Canter, Stetson's mother, was 18 years old and unmarried when Stetson was born on January 23, 1995. Appellee was Stetson's primary caregiver when he was born. However, prior to January 4, 1996, Stetson resided with Debra Watts, appellee's mother, while appellee resided at her grandmother's home. On January 4, 1996, appellee was arrested for receiving stolen property. On such date, appellee signed a letter granting her father, appellant Mark Canter, temporary custody of her son during her impending incarceration. Although appellee got out of jail on bail on January 5, 1996, Stetson continued residing with appellants. On March 25, 1996, appellee was sentenced to two (2) years in prison. However, on May 20, 1996, appellee was released on shock probation, only to be returned to prison again at the end of August of 1996 for violating the terms of her probation. During the period from August of 1996 to October, 1996, appellee was out of jail for only two days on probation. On October 25, 1996, appellee was sent to prison due to numerous probation violations. Her anticipated release date was November 15, 1997. On May 22, 1996, while appellee was out on shock probation, a hearing was held in the Juvenile Division of the Licking County Court of Common Pleas to determine custody of Stetson. Although appellee was present at such hearing, the putative father did not appear. Pursuant to a Judgment Entry filed on July 16, 1996, the Licking County Court ordered that appellant Mark Canter be designated Stetson's residential custodian, finding that appellee was "presently an unsuitable and unfit person to have the care and custody of the minor child; that the child has a positive relationship with both maternal grandparents; that Cinda Canter has not been the primary caretaker of the child; that Cinda Canter has expressed her desire to have the child placed in the care and custody of Mark Canter; and that the child has been integrated into the grandfather's home." Debra Watts, Stetson's maternal grandmother, was granted visitation. Although the Licking County Court did not order appellee to pay child support, it stated in its order that appellee was required to notify the court "immediately upon obtaining employment." The court also stated that appellee would not be granted separate visitation, but "may have reasonable visitation with her son by mutual agreement between Ms. Canter and her respective parents, . . ." During the period from February 21, 1996, to February 21, 1997, the twelve months preceding the filing of the adoption petition, appellee was incarcerated for more than seven months. During her limited period of freedom, appellee worked at an auto parts store for approximately one month during June of 1996 where she earned approximately $150.00 to $200.00 per week. Appellee also earned nearly $10,000.00 from drug sales. Up until her return to jail in August of 1996, appellee bought food and clothing and toys for Stetson, including two outfits and two pairs of shoes, diapers and socks. All of the items that appellee purchased for her son were either used or consumed at the home of Debra Watts, with whom Stetson stayed every other weekend and every Wednesday. Watts herself testified that appellee gave her money in June and July of 1996 to buy Stetson clothes. Appellee testified that none of the items that she purchased were sent home with Stetson or given to appellee's father. Appellee and appellants all testified that, since January of 1996, appellee has not provided any financial assistance or other support to appellants for Stetson's care. After the hearing on the contested adoption, the trial court, via an order filed on September 2, 1997, ordered that a guardian ad litem be appointed for Stetson pursuant to R.C. 2151.281. On December 31, 1997, appellants filed a memorandum opposing the appointment of a guardian ad litem. The guardian ad litem, in her January 16, 1998, report, recommended that Stetson be placed back with appellee and that the adoption not take place. Based upon the evidence presented at the two hearing dates and upon the guardian ad litem's report, the trial court denied appellants' petition for adoption, finding that appellee had communicated with and supported Stetson during the critical one year period from February 21, 1996, to February 21, 1997, when the petition was filed. The trial court, however, declined to place Stetson back with appellee, finding that appellee had not sufficiently shown that she could care for him, and ordered that Stetson continue residing with appellants pursuant to the order of the Licking County Court of Common Pleas. An order memorializing the court's decision was filed on March 18, 1998. It is from the March 18, 1998, order that appellants prosecute their appeal, raising the following assignments of error:
 I THE COURT ERRED IN FINDING THAT THE APPELLEE DID SUPPORT THE MINOR CHILD DURING THE ONE YEAR PERIOD IMMEDIATELY PRECEDING THE FILING OF THE ADOPTION PETITIONER. [SIC]
 II THE COURT ERRED IN APPOINTING A GUARDIAN AD LITEM PURSUANT TO R.C. 2151.281, AND ADMITTING HER REPORT INTO THE RECORD.
 I
Appellants, in their first assignment of error, challenge the trial court's finding that appellee provided financial support for Stetson during the one year period immediately preceding the filing of the adoption petition and that, therefore, appellee's consent was required for the adoption. Appellants specifically contend that such finding was against the manifest weight of the evidence. R.C. 3107.07(A) sets forth the circumstances under which a minor child may be adopted by a third party without the consent of a biological parent: "Consent to adoption is not required of any of the following: (A) A parent of a minor, when it is alleged in the adoption petition and the court finds after proper service of notice and hearing, that the parent has failed without justifiable cause to communicate with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner."
Pursuant to this statute, a petitioner for adoption has the burden of proving, by clear and convincing evidence, both (1) that the natural parent has failed to support the child for the requisite one-year period, and (2) that this failure was without justifiable cause. In Re Adoption of Bovett (1987), 33 Ohio St.3d 102, at syllabus 1. A probate court's finding on the issue of whether a natural parent's failure to provide support for his or her child has been proven by clear and convincing evidence will not be disturbed on appeal unless such finding is against the manifest weight of the evidence. Id. at syllabus 4. Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Constr. (1978), 54 Ohio St.2d 279. Since a court's finding that a parent failed to provide for the maintenance and support of his or her child during the one year period immediately preceding the filing of an adoption petition "is tantamount to a determination that the parent abandoned the child and thus forfeited parental rights," the inquiry for the trial court is whether the parent's failure to support is of such a degree as to constitute abandonment. Celestino v. Schneider (1992), 84 Ohio App.3d 192, 196. For such reason, Ohio courts have held that even minimal contributions toward the support of a child meet the maintenance and support requirements of R.C. 3107.07(A) and preserve the natural parent's consent as a jurisdictional prerequisite to a child's adoption. Id. See also In Re Adoption of Salisbury (1982), 5 Ohio App.3d 65
and In Re Adoption of Kessler (1993), 87 Ohio App.3d 317. Since the petition for adoption was filed on February 21, 1997, the relevant period in this matter is from February 21, 1996, one year prior to the filing of the petition, to February 21, 1997, the date the petition was filed. During the hearings held on April 17, 1997, and July 17, 1997, Debra Watts, appellee's mother and Stetson's grandmother, testified. Watts, who has visitation with Stetson on Wednesdays and every other weekend, testified that appellee, during the summer of 1996, provided support for Stetson by giving Watts money "a few times" in June or July to purchase clothes for him, and by buying toys, shoes and food for Stetson while he was at Watts' home. Transcript of April 17, 1997, hearing at 36. According to Watts, appellee also "got him [Stetson] a few things in September" including "little toys or stuffed animals or something like that." Transcript of April 17, 1997, hearing at 38. Appellee herself testified on July 17, 1997, that although she had not provided financial support to appellants for Stetson's care since January 4, 1996, during February and March of 1996, right before she was imprisoned, she purchased food and shoes for Stetson. Appellant further testified that she had purchased groceries, socks, diapers and clothes, including two jogging suits, for Stetson to be used at her mother's home. Neither Watts' testimony nor that of appellee was rebutted by appellants. While appellee's contribution to Stetson's support during the period from February 21, 1996, to February 21, 1997, may have been minimal, the evidence clearly established that appellee did not fail to provide support and maintenance to such a degree as to equate abandonment. Moreover, appellee did not wait until after learning of the adoption proceedings before tendering support. We conclude, therefore, that the trial court's finding that appellee supported Stetson during the one year period immediately preceding the filing of the adoption petition is not against the manifest weight of the evidence since there is competent, credible evidence supporting the same. Appellant's first assignment of error is overruled.
 II
Appellants, in their second assignment of error, challenge the trial court's appointment of a guardian ad litem and the admission of the guardian's report into evidence. Pursuant to an order filed on September 2, 1997, the trial court had appointed a guardian ad litem "pursuant to O.R.C. 2151.281." R.C. 2151.281 provides for the appointment of a guardian ad litem in juvenile court proceedings concerning an alleged or adjudicated delinquent child or unruly child under specified circumstances. Appellants are correct, therefore, in their contention that such section has no application to a pending adoption, such as Stetson's, filed in Probate Court. However, R.C. 3107.12 provides that "an assessor shall conduct a prefinalization assessment of a minor and petitioner before a court issues a final decree of adoption." Clearly, such section grants the court authority to appoint an assessor, including a guardian ad litem, in an adoption proceeding. The trial court did not err, therefore, in appointing a guardian ad litem and allowing the guardian's report to be admitted into evidence. Appellant's second assignment of error is overruled.
The judgment of the Perry County Probate Court is affirmed. by Edwards, J. Gwin, P.J. and Hoffman, J. concur