OPINION AND JUDGMENT ENTRY
This matter is before the court on appeal from the Lucas County Court of Common Pleas. That court convicted appellant of corruption of a minor and sentenced him to serve fifteen months in prison.
On August 17, 1998, appellant entered a no contest plea to one count of corruption of a minor, a violation of R.C.2907.04, and a fourth degree felony. According to appellee, appellant, who was nineteen years old at the time, had sexual contact with his fourteen year old girlfriend in January 1998.
Appellant entered his plea after negotiations with appellee, the state of Ohio. Appellee agreed to recommend to the trial court that appellant not be sentenced to jail and agreed not to pursue any additional charges. During the plea hearing, appellant's counsel advised the trial court of that agreement. The trial court cautioned appellant that any recommendation about jail time was not binding on the trial court. Appellant acknowledged he understood any recommendation from the prosecutor was not binding on the trial court before he entered his plea. After finding appellant guilty, the trial court referred appellant for a presentence investigation report before imposing sentence.
The trial court conducted a sentencing hearing on October 1, 1998. The court indicated it had reviewed a presentence investigation report from the Probation Department as well as a report from the Court Diagnostic and Treatment Center. Appellant's attorney acknowledged that the reports were comprehensive, adding only that appellant was regretful, would not repeat the conduct in the future, and had a limited criminal record. Appellee informed the trial court that no witnesses were present to make any victim impact statements.
The trial court sentenced appellant to serve fifteen months in prison. The court stated during the hearing:
 "The Court has considered the record, oral statements, any victim impact statements, pre-sentence report prepared, as well as the principles and purposes of sentencing under Revised Code 2929.11, and has balanced the seriousness and recidivism factors under Revised Code 2929.12.
 "* * * The Court further finds pursuant to Revised Code 2929.12(B) that the Defendant was already under community control."
Appellant's counsel objected to the trial court's conclusion that appellant had previously been on probation or under community control. Appellant's counsel indicated that appellant had been placed in a diversion program for youthful offenders in the state of Michigan and had not been convicted. He conceded, however, that appellant's criminal record before the court characterized appellant as having been placed on probation and did not reflect that appellant had been placed in a diversion program. The trial court noted that a warrant for appellant's arrest had been issued from Michigan. Although it is not clear in the trial court record, appellant has clarified on appeal that the warrant arose out of a probation violation. The trial court also classified appellant as a sexually oriented offender pursuant to R.C. 2950.03.
Appellant now raises the following assignments of error:
 "I. THE TRIAL COURT FAILED TO MAKE THE REQUISITE FINDINGS ON THE RECORD TO PERMIT THE IMPOSITION OF A SENTENCE OF INCARCERATION GREATER THAN THE MINIMUM OF SIX MONTHS UNDER R.C. 2929.14(B).
 "II. THE TRIAL COURT ERRED IN ITS FINDING THAT DEFENDANT WAS NOT AMENABLE TO COMMUNITY CONTROL AND FAILED TO ADDRESS THE ISSUE OF DEFENDANT'S STATUS IN THE STATE OF MICHIGAN.
 "III. THE DEFENDANT WAS PREJUDICED BY THE FAILURE OF THE STATE TO FULLY COMPLY WITH IS PLEA BARGAIN ARRANGEMENT. SPECIFICALLY, THE STATE FAILED TO STATE ON THE RECORD AT SENTENCING THAT IT DID NOT SEEK A TERM OF IMPRISONMENT, NOR DID IT PRODUCE STATEMENTS PROVIDED TO THE STATE BY THE VICTIM AND HER FAMILY STATING THAT THEY BELIEVED INCARCERATION TO BE INAPPROPRIATE.
 "IV. THE TRIAL COURT ERRED IN ITS FINDING THAT A SENTENCE OF SIXTH MONTHS (sic) INCARCERATION WOULD DEMEAN THE SERIOUSNESS OF THE OFFENSE AND FAIL TO ADEQUATELY PROTECT THE PUBLIC."
Because both require analysis of the sentencing statutes used to impose a term of imprisonment, we will address appellant's first and fourth assignments of error together. Appellant contends that the trial court did not make the findings required to sentence appellant, who had not previously served a prison term, to a prison term greater than the six-month minimum sentence specified for a fourth degree felony. Appellant concludes that because the trial court did not state during the sentencing hearing in open court that "the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others", his sentence must be reduced from fifteen months to a minimum term of six months in prison.
R.C. 2929.19(B)(2)(a) requires a trial court to state its reason for imposing a prison term for a fourth degree felony "based upon the overriding purposes and principles of felony sentencing set forth in section [R.C. 2929.11], and any factors listed in [R.C. 2929.13(B)(1)(a) to (h)] that it found to apply relative to the offender." In cases where an offender has not been in prison previously, R.C. 2929.14(B) directs a trial court to "impose the shortest prison term authorized for the offense * * * unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." (Emphasis added). R.C. 2929.14(A)(4) defines the minimum definite prison term that a court may impose for a fourth degree felony as six months, with a maximum of eighteen months.
We reject appellant's contention in his first assignment of error that his sentence is contrary to law because the trial court did not orally state during the sentencing hearing that "the shortest prison term possible will demean the seriousness of the offense and will not adequately protect the public." Appellant maintains that because the trial court did not speak those words before imposing sentence, his sentence must be reduced to six months. However, the written judgment entry contained precisely those words. Contrary to appellant's assertion, this court has not determined (in State v. Cruz (Feb. 27, 1998), Fulton App. No. F-97-023, unreported) that a trial court must find that the shortest prison term possible would demean the seriousness of the offense or would not adequately protect the public before sentence is imposed. We have recently clarified the manner in which trial courts must make required findings to impose prison terms:
 "As a sentencing court has a statutory obligation to make its sentencing considerations and findings `on the record' and the court speaks only through its journal, a sentencing entry totally devoid of any reference to the statutory considerations is insufficient to satisfy the requirements that these determinations be made manifest." State v. Evans (May 28, 1999), Sandusky App. No. S-98-035, unreported.[1]
Further, appellant was not prejudiced by the trial court's failure to orally state that the shortest prison term would demean the seriousness of the offense or would not adequately protect the public. See Crim.R. 52. Appellant and his counsel were on notice that appellant was sentenced to a prison term greater than the six-month minimum the moment that the trial court pronounced its sentence of fifteen months. Yet, appellant did not ask for clarification or object to a sentence that was within the range he knew could be imposed for the offense.
In his fourth assignment of error, appellant contends that because he had never been in prison before, the trial court incorrectly determined, in its written judgment entry, that a minimum sentence of six months would demean the seriousness of the offense and not protect the public. Appellant suggests that his sentence should be reduced because the court did not discuss the basis for this conclusion.
We disagree. The trial court referred to the required statutory considerations in its written entry and made the conclusions required by R.C. 2929.14(B). A trial court must explain why it imposed a prison term for a fourth degree felony based upon the factors in R.C. 2929.11 and 2929.13(B)(1)(a)-(h). See R.C. 2953.08(G)(1). However, a trial court is not required to explain why it determined, under R.C. 2929.14(B), that a minimumprison sentence would demean the seriousness of the offense or not protect the public for an offender who has not been in prison before. R.C. 2929.19(B)(2)(a). State v. Edmonson
(1999), 86 Ohio St.3d 324, at the syllabus.
For a first time prison term, the Ohio Supreme Court determined in Edmonson that the trial court must state one or both of the phrases, "demean the seriousness of the offender's conduct" or "will not adequately protect the public from future crime by the offender or others." Id. The Supreme Court also concluded that the trial court need not state its factual determinations underlying those conclusions. Id.
The Ohio Supreme Court expressly rejected the argument that "construing the statute to require findings without also requiring the court to articulate its reasoning will hamper appellate review." Id. at 327. As that court emphasized, however, the record must clearly and convincingly support the sentence. R.C. 2953.08(G)(1).
The question in Edmonson targeted whether a trial court which does not impose the minimum authorized sentence on a felony offender who has never served a prison term before must mechanically state one or both of the two statutory reasons in R.C. 2929.14(B). The Ohio Supreme Court did not decide whether the record, as a matter of substance, clearly and convincingly supported the trial court's decision to exceed the minimum sentence in Edmonson's case. Yet, the opinion in Edmonson
suggests that appellate courts must review whether the record substantively supports a first time prison sentence without the benefit of the trial court's rationale.
Unless it is being used strictly as an example, Edmonson
contains an analytical error, in the last paragraph of page 326 of the opinion, by relying on references to R.C. 2929.13(B) in R.C.2953.08(A)(2) and (G)(1)(b) to construe R.C. 2929.14(B). To evaluate what findings are required for R.C. 2929.14(B) ("greater than minimum first prison term"), the Ohio Supreme Court relied upon the findings that are used to determine whether prison should be imposed at all for fourth and fifth degree felonies in R.C.2929.13. That is like comparing "apples and oranges". R.C.2929.13(B) is, in fact, a prerequisite to defining the length of the prison term for offenders who will be imprisoned for the first time, as set forth in R.C. 2929.14(B).
The Supreme Court looks to R.C. 2953.08(A)(2) as "an example" that a trial court must merely state one of the two bases to "vary from the preferred minimum sentence." Edmonson,82 Ohio St.3d at 326. R.C. 2953.08(A)(2) is not authority for that conclusion. R.C. 2953.08(A)(2) refers to the eight factors contained in R.C. 2929.13(B) which a trial court must consider to impose a prison term at all; it does not refer to the two criteria set forth in R.C. 2929.14(B) for first time prison terms.
Further, R.C. 2953.08(A) states that a trial court's failure to specify at least one of the eight factors in R.C.2929.13(B) factors when imposing a prison sentence creates one of a limited number of situations which allow an appeal as of right. In contrast, R.C. 2953.08(A) does not authorize an appeal as of right from a first time prison sentence which exceeds the minimum sentence where a trial court has not made one of the two findings defined by R.C. 2929.14(B). At best, that statute suggests that any offender may appeal a sentence that is "contrary to law."
As a result of Edmonson, it appears appellate courts must review and determine why a minimum prison sentence for a first-time prisoner would substantively "demean the seriousness" or "not protect the public" — if, indeed, such a sentence can be reviewed at all by an appellate court — without knowing the trial court's rationale. That overlooks the fact that "reasoned sentences by trial level judges — especially when departing from the presumptions established by statute — are essential to a proper development of the law of sentencing, to equity among similarly situated offenders, and to the proper functioning of the appellate process." Griffin Katz, Ohio Felony Sentencing Law (1999) 300. Trial court decisions which include reasons assist appellate courts "discharge the task of determining whether a sentence is longer than necessary to protect the public or disproportionate to the seriousness of the offense", a function formerly performed by the state of Ohio Parole Board. Id.
The Ohio Supreme Court correctly concludes in Edmonson
that a trial court's rationale for finding one of two bases is unnecessary when an appellate court is reviewing whether a trial court's failure to mechanically make requisite findings to impose a greater-than-minimum first time prison term is contrary to law. If, however, a prison term may be appealed as substantively contrary to law, for example, as too severe, a record devoid of rationale magnifies the risk that an appellate court may disagree with the trial court's decision not to impose a minimum prison term upon an offender who has not been in prison before.
That, is in fact the issue raised in appellant's fourth assignment of error. Appellant challenges the trial court's finding that a sentence of sixth months of incarceration would demean the seriousness of the offense and fail to adequately protect the public. While R.C. 2929.14(B), as construed byEdmonson, may not literally require the trial court to state its reasons for imposing a greater-than-minimum prison sentence upon a person who has not been imprisoned before, appellate review becomes much more difficult when a trial court minimally states its conclusion using the words of the statute without simultaneously expressing its rationale. Such circumstances require this court to review the record de novo to determine whether the record clearly and convincingly supports the trial court's conclusion that a minimum prison sentence, for an offender who has not been in prison previously, would demean the seriousness of the offense or not protect the public. While that is the duty imposed upon appellate courts under R.C. 2953.08(G), that statute also permits appellate courts to "increase, reduce, or otherwise modify a sentence" as well as "vacate the sentence and remand the matter to the trial court for resentencing." Although Edmonson has ostensibly dispensed with the need to set forth rationale in all situations involving a first prison term in excess of the minimum, an unclear record increases the likelihood that a sentence may be increased, decreased, or modified if an appellate court must "second guess" the reasons for the trial court's decision not to impose a minimum prison term in such cases.
Noting our reluctance to second guess the trial court's reasons for imposing a sentence greater than the minimum where it did not expressly state them, our review of the record, including the presentence investigation report, reveals that the trial court warned appellant when it accepted his plea that any plea agreement made with the prosecutor's office for a recommendation of no jail time was not binding on the court "[e]specially with this Court's reputation in regard to this kind of offense * * *." At the sentencing hearing itself, the court commented that treatment did not appear to be an option because of appellant's attitude toward the offense and a lack of responsibility regarding his behavior. The presentence investigation report supports those observations. The trial court also noted:
 "[T]he Defendant knowing this young lady was a freshman, * * * went ahead with this course of behavior with an individual who you could not say had any of the necessary maturity, the behavior of the Defendant during this brief period of that relationship was such as just really did not give her an opportunity and indirectly the opportunity of the family to be able to counsel with this young lady and thereby enter into this relationship."
Comments such as these indicate that the trial court considered appellant's conduct to be very serious, as do we. They also reveal that the court entertained grave concerns about whether appellant understood his responsibility for the offense, particularly where appellant reoffended while under sanctions for another crime. Such remarks clearly and convincingly demonstrate that the trial court determined that sentencing appellant to a minimum prison term would demean the seriousness of the crime and not adequately protect the public.
Further, the trial court granted appellant's motion for judicial release after appellant served approximately six and a half months in jail. R.C. 2953.08(F)(4) permits this court to consider the trial court's written findings underlying its decision to modify a sentence under the judicial release provisions of R.C. 2929.20(H). To grant judicial release, the trial court must find that a non-prison term would adequately protect the public and would not demean the seriousness of the offense. We reject appellant's contention that these findings for judicial release negate the trial court's opposite conclusions at sentencing six months earlier. The decisions are made at two distinct points in time. In addition, the trial court retains discretion to consider the possibility of judicial release when it imposes sentence.
Accordingly, appellant's first and fourth assignments of errors are found not well-taken.
In his second assignment of error, appellant contends that the trial court mistakenly determined that he was already under community control in Michigan and violated the conditions of probation. As a result, appellant argues the trial court should not have concluded that appellant was not amenable to community control.
Mich. Comp. Laws Ann. 762.13 and 762.14 allow a first time offender, who is seventeen to twenty-one years old, to avoid conviction by completing a diversion program, which may include "custodial supervision and training." However, appellant's case file was included in an appendix to appellant's brief, but not included as part of the record in trial court. Appellant's arguments relying on facts which were not submitted to the trial court are not part of the record and cannot be considered for the first time on appeal. An appellate court can only review matters which were part of the proceedings of the trial court and cannot review matters added to the record for the first time on appeal. See State v. Ishmail (1978), 54 Ohio St.2d 402, paragraph one of the syllabus; Celestino v. Scheider (1992), 84 Ohio App.3d 192,197.
However, appellee's suggestion that this court cannot consider the presentence investigation report "because it was never made part of the record", must also be rejected. R.C.2953.08(F)(1) expressly provides that this court shall review "any presentence, psychiatric, or other investigative report that was submitted to the court in writing before the sentence was imposed." It is the responsibility of the litigants to ensure that this confidential document is submitted to this court for review.
We reject appellant's contention that because appellant had not been convicted at the time of sentencing of either the underlying theft offense, or a probation violation arising from his diversion program in Michigan, that the trial court was precluded from considering those matters to evaluate whether appellant was amenable to community control.
When imposing a prison term for a fourth or fifth degree felony, R.C. 2929.13(B)(1)(h) directs a trial court to consider whether the offender was previously "subject to a community control sanction, and the offender committed another offense while under the sanction." Because there is no requirement in the statute that the offender be convicted, we reject appellant's contention that he had to be convicted of the theft offense before the court determined that appellant was not amenable to community control sanctions.
Regardless of whether the parole violation had been adjudicated at the time of sentencing, appellant had committed the offense of contributing to corrupting a minor while he was under the authority of a Michigan court, whether that authority is termed "probation" or an uncompleted "diversion program". This meets the literal language of R.C. 2929.13(B)(1)(h) to support a determination that the offender is not amenable to available community control pursuant to R.C. 2929.13(B)(2)(a).
Accordingly, appellant's second assignment of error is found not well-taken.
In his third assignment of error, appellant argues be was prejudiced because appellee did not affirmatively inform the trial court at the sentencing hearing that it agreed to recommend that no jail time be imposed.
"[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promises must be fulfilled." Santobello v. New York (1971), 404 U.S. 257, 262.
Here, appellee, the prosecutor had an affirmative obligation to fulfill its promise of recommending to the trial court that no sentence of jail time should be imposed upon appellant. This court cannot condone or encourage appellee's conduct in standing silent about its agreement to make such a recommendation at the time of sentencing.
However, appellant has not demonstrated prejudice because a trial court is not bound to accept a prosecutor's recommendation regarding sentencing because sentencing is either within the trial court's discretion or determined by statute.State v. Walker (May 7, 1999), Lucas App. No. L-98-1210, unreported; State v. Mathews (1982), 8 Ohio App.3d 145, 146; seeState v. Cox (Mar. 21, 1997), Ottawa App. No. OT-96-048, unreported. Further, before appellant entered his plea, appellee acknowledged that it had agreed to recommend that appellant be sentenced to no jail or prison time after appellant's counsel stated the basis for the plea agreement. See State v. Cox,supra. In addition, the written plea agreement did not contain any notation of appellee's agreement, a matter which appellant could have easily cured at the time of the plea hearing. Finally, appellant did not object to appellee's silence at the sentencing hearing. A court of appeals generally considers only those errors raised initially in the trial court to allow the trial court to cure those errors. State ex re. Quarto Mining Co. v. Foreman
(1997), 79 Ohio St.3d 78; Owner Mgmt co. v. Moore
(1996), 111 Ohio App.3d 820.[2]
Accordingly, we find appellant's third assignment of error not well-taken.
The judgment of the Lucas County Common Pleas Court is affirmed. Appellant is ordered to pay the costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ Melvin L. Resnick, J.
 _______________________________ James R. Sherck, J.
 _______________________________ Richard W. Knepper, J.
CONCUR.
[1] We have considered appellee's supplemental authority and appellant's brief in response, which cite prior decisions of this court. However, those cases were issued before our decision inState v. Evans (May 28, 1999), Sandusky App. No. S-98-035, unreported.
[2] Appellant did not object that appellee had not presented any victim statements to the court. Here, however, nothing in the record confirms such victim statements ever existed, let alone, were presented to the court. For the reasons stated in rejecting appellant's second assignment of error, supra
at 8, we decline to decide an issue which depends on matters which are not included in the record.