OPINION
Plaintiff-appellee, Marilyn Walker, filed a small claims action against defendant-appellant, J.W. Automotive, seeking reimbursement of monies paid by Walker for the installation of an engine in her motor vehicle. Following a trial, the magistrate issued a judgment in favor of Walker. In its decision, the magistrate found that J.W. Automotive failed to properly install an engine in Walker's vehicle. The magistrate further ordered J.W. Automotive to reimburse Walker for the sum of $560. The decision was adopted by the trial court.
J.W. Automotive subsequently filed a motion requesting "findings of fact as to how the magistrate came up with his decision". Thereafter, the magistrate filed his findings of fact and conclusions of law. J.W. Automotive, acting pro se, filed a timely notice of appeal therefrom.
The notice of appeal, which is hand-written, sets forth issues of fact upon which J.W. Automotive bases its appeal. Its appellate brief consists of a one-page typewritten document which fails to set forth any assignments of error for review as required by App.R. 16. However, from our review of the contents of the notice of appeal, and the appellate brief, it is evident that J.W. Automotive intended to raise a manifest weight argument and a claim of judicial bias. Therefore, we will construe the documents filed as raising two assignments of error which we have stated below.
 I. THE JUDGMENT OF THE TRIAL COURT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
J.W. Automotive's notice of appeal and appellate brief set forth numerous statements of fact regarding the evidence presented below. Specifically, J.W. Automotive claims: (1) "Mrs. Walker is being reimbursed for work which was unrelated to the installation of the engine purchased by her"; (2) "the plaintiff has no signed evidence that the engine should be reinstalled"; (3) "the engine on the [car] was working perfectly when [Walker] drove it back to J.W. Automotive to complain"; (4) "the engine on the [car] was installed properly and was in proper working condition"; (5) "Mrs. Walker was told that she would have to have the rusted out exhaust system repaired to eliminate the [complained of] noise, and that the noise was not coming from the engine"; and (6) "the CV boots which were replaced at a cost of sixty dollars should not have been included in the cost of replacing the engine". Since all of the statements resemble manifest weight arguments, they will be addressed together.
When a party asserts error by the trial court, it has the burden to refer to parts of the record which support its claims of error. Hartt v. Munobe (1993), 67 Ohio St.3d 3, 7, citing Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199; App.R. 9(B). Further, if the error asserted is that the judgment is against the manifest weight of the evidence, the appellant must file in the court of appeals all relevant portions of the trial transcript. Id., citing App.R. 9(B); Ostrander v. Parker-Fallis (1972), 29 Ohio St.2d 72, 74. Failure to file a transcript in these cases is generally fatal to the appeal. Smart v. Nystrom (1997), 119 Ohio App.3d 738, 741, citations omitted.
Moreover, App.R. 12(A)(2) provides that the appellate court may disregard an assignment of error if the appellant fails to identify the place in the record the error can be found. In the present case, there is no evidence that Appellant ever ordered a copy of the trial transcript for appeal. The Ohio Rules of Appellate Procedure address this issue in App.R. 9(B):
 If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of all evidence relevant to the findings or conclusion.
The Supreme Court of Ohio has further elaborated upon this basic tenet of appellate review:
 The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. * * * When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm.
Knapp, supra at 199, citation omitted.
We must also note that J.W. Automotive failed to file objections to the magistrate's decision. Civ.R. 53(E)(3)(b) provides that "a party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." Therefore, J.W. Automotive has failed to properly preserve this issue for appeal.
J.W. Automotive failed to request or file a transcript of the trial. Without the transcript, we cannot determine whether the trial court's judgment is against the weight of the evidence, and, consequently, we have "no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp, 61 Ohio St.2d at 199. Accordingly, the first assignment of error is overruled.
 II. THE MAGISTRATE ERRED BY FAILING TO RECUSE HIMSELF FROM THE PROCEEDINGS BELOW
J.W. Automotive contends that the magistrate should have recused himself from presiding over the trial of this case. In support, it claims that the magistrate "commented on Mrs. Walker's impeccable character, which indicates he had known the plaintiff previously". We first note that there is no evidence contained in the record, or even presented dehors the record, that would support this claim. See App.R. 16(A)(3). As previously noted, J.W. Automotive failed to filed a transcript in this appeal. It is the appellant's responsibility to include all of the evidence in the appellate record so that the claimed error is demonstrated to the reviewing court. Bates Springer, Inc. v. Stallworth (1978), 56 Ohio App.2d 223, 229. J.W. Automotive cannot rely upon allegations of fact outside the record to support its arguments. Celestino v. Schneider (1992), 84 Ohio App.3d 192, 197. Therefore, we must overrule this Assignment of Error.
Even had J.W. Automotive properly preserved this argument for appeal, we would be constrained to overrule it because it has been waived for purposes of appeal. There is no evidence in the record before us to indicate that J.W. Automotive requested the magistrate to recuse or disqualify himself from presiding over the trial. R.C. 2701.031
[affidavits of bias and prejudice] provides the exclusive means by which a litigant may claim that a municipal court judge is biased and prejudiced. Therefore, since J.W. Automotive's argument is premised upon a claim that the magistrate was biased or prejudiced, we must conclude that it has failed to follow the proper procedure for disqualification, and we are without jurisdiction to set the judgment aside on that basis.
The assignments of error are overruled, and the judgment of the trial court is affirmed.
 ______________________ FREDERICK N. YOUNG, J.
BROGAN, J. and FAIN, J., concur.