This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Gary A. Phares ("Phares"), appeals his conviction by the Summit County Court of Common Pleas. We affirm.
 I.
This appeal arises out of Phares's guilty plea, conviction and sentence for burglary in violation of R.C. 2911.12(A)(2) and felonious assault in violation of R.C. 2903.11(A)(1). In the original appeal to this court, we reversed the judgment of the trial court and remanded the case because the "court failed to provide Phares or his attorney an opportunity to comment on the summary [of the presentence investigation report]." Statev. Phares (Sept. 20, 2000), Summit App. No. 19884, unreported, at 5.
On October 11, 2000, the trial court conducted a resentencing hearing. The state presented testimony from the victims Stephanie Lucas and John Parker and the former prosecutor, Ms. Dougherty. The defense presented testimony from Phares, his mother and his former employer. The trial court resentenced Phares to four years for burglary and six years for felonious assault. The sentences were consecutive.
This appeal followed.
 II. First Assignment of Error THE RECORD DOES NOT SUPPORT THE SENTENCE AS REQUIRED BY SECTION 2953.08(G)(a).
In his first assignment of error, Phares challenges the trial court's imposition of more than the minimum and consecutive sentences. He argues that the sentences are not supported by sufficient evidence. We disagree.
When reviewing an appeal of a sentence, an appellate court may modify a sentence or remand the matter to the trial court for resentencing if the court finds that the trial court clearly and convincingly acted contrary to law or the record. R.C. 2953.08(G). Clear and convincing evidence is that "which will provide [sic] in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."Cincinnati Bar Assn. v. Massengale (1991), 58 Ohio St.3d 121, 122, quoting Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
R.C. 2929.14 is concerned with the imposition of sentences in felony proceedings. Under R.C. 2929.14(B) a trial court may impose more than the minimum sentence on a offender who has not previously served a prison term if "the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
Under R.C. 2929.14(E)(4), a trial court may impose consecutive sentences upon a defendant if the following conditions are met:
 [T]he court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
R.C. 2929.19(B)(2)(c) requires that a trial court give its reasons for imposing consecutive sentences under R.C. 2929.14. This court has held that the trial court's findings need not be in the sentencing transcript if the findings are contained in the journal entry. State v. Riggs
(Oct. 11, 2000), Summit App. No. 19846, unreported, at 4; see, also,State v. Edmonson (1999), 86 Ohio St.3d 324.
At the resentencing hearing, Phares's ex-girlfriend, Lucas, testified that before Phares went to prison she and her daughter lived "an absolute horrific life." Since Phares has been incarcerated, her life has changed drastically. Parker testified that Phares's attack caused Parker to suffer injuries that required plastic surgery, facial reconstruction, screws inset into his nose and ongoing therapy. His medical expenses have caused him to file for bankruptcy. The state also presented evidence regarding Phares's long criminal history.
The defense presented evidence regarding Phares's relationship with his daughter. Phares's mother testified that her granddaughter loves her father and visits him often. Phares's former employer testified that Phares would be a good candidate for her church's counseling class that is associated with the Haven of Rest and Melvin Fields. The employer stated that Phares would benefit from a program that could bring structure to his life. However, the employer was not aware of Phares's criminal history. Phares also testified at the hearing.
The trial court reviewed the evidence and sentenced Phares to more than the minimum and consecutive sentences for burglary and felonious assault. The record reflects that the October 17, 2000 journal entry contained the requisite findings for more than the minimum sentences. The journal entry states "that a minimum term would demean the seriousness of the offense and would not adequately protect the public."
The trial court also made the requisite findings at the resentencing hearing and in its journal entry for consecutive sentences. The trial court found that:
 (1) The victim(s) of the offense suffered serious physical, psychological, and economical harm as a result of the offense;
 (2) The offender's relationship with the victim(s) facilitated the offense;
 (3) The offender previously was adjudicated a delinquent child pursuant to [R.C. 2151] and has a history of criminal convictions;
 (4) The Offender [sic] has not been rehabilitated to a satisfactory degree after being adjudicated a delinquent child pursuant to [R.C. 2151];
 (5) The offender has not responded favorably to sanctions previously imposed for criminal convictions[.]
After reviewing the record, we do not find that the trial court clearly and convincingly acted contrary to law in imposing more than the minimum and consecutive sentences. Accordingly, Phares's first assignment of error is overruled.
 III. Second Assignment of Error THE APPELLANT/DEFENDANT'S CONSTITUTIONAL RIGHT UNDER THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND THE OHIO CONSTITUTION TO BE TRIED BEFORE AN IMPARTIAL JUDGE WAS VIOLATED.
In his second assignment of error, Phares contends that the trial judge erred by failing to recuse himself from this case. Phares asserts that the judge acted partially by deciding to re-impose the same sentence the day before the resentencing hearing.
Phares avers that the day before the resentencing hearing, the trial judge informed the parties of his intention to re-impose the same sentence. However, Phares fails to refer us to any portion of the appellate record that would support this claim. See App.R. 16(A)(3). Furthermore, the transcript of the resentencing hearing, which we have reviewed in its entirety, does not support his contention. It is the appellant's responsibility to include all of the evidence in the appellate record so that the claimed error is demonstrated to the reviewing court.Bates Springer, Inc. v. Stallworth (1978), 56 Ohio App.2d 223, 229. Phares cannot rely upon allegations of fact outside the record to support his arguments. Celestino v. Schneider (1992), 84 Ohio App.3d 192, 197. Phares's second assignment of error is overruled.
 IV.
Having overruled Phares's two assignments of error, we affirm the judgment of the trial court.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ____________________________ WILLIAM G. BATCHELDER
SLABY, J., CARR, J. CONCUR.