DECISION AND JUDGMENT ENTRY
{¶ 1} Devin S.'s biological father, Gregory, appeals from a judgment by the Lucas County Court of Common Pleas, Probate Division finding that his consent was not required before Devin's adoption. Because we conclude that the Lucas County Court of Common Pleas, Probate Division did not err in its judgment, we affirm.
 {¶ 2} Adoption proceedings for Devin were instituted by his paternal grandmother, Jean Ann Z. On April 9, 2002, Jean Ann Z. petitioned the Lucas County Court of Common Pleas, Probate Division to adopt Devin, her grandchild. He had been living with her since January 2000. Both parents had been incarcerated intermittently due to drug problems. Devin's father, who was incarcerated in California at the time, contested the adoption. A hearing, therefore, was held on February 3, 2003 to determine whether the father's consent was needed.
 {¶ 3} Devin's father testified during telephonic testimony from a California prison[1] that he worked 89 days at Case Logistics but he never sent any portion of the earnings for Devin's maintenance and support. Instead, he stated that his drug addiction had taken precedence over his son. The court found that since the father did have income for almost one-fourth of the year, and without justifiable cause, failed to provide for maintenance and the support of Devin, "the consent of the birth father [was] not required." Devin's father appealed the February 4, 2003 judgment entry and alleged as the sole assignment of error: "The trial court erred in finding that consent of the birth father, Gregory S., was not required in the adoption proceeding under Revised Code §3107.07." We disagree.
 {¶ 4} Ohio law is quite clear concerning when a parent need not consent to an adoption proceeding.[2] One of those instances is when the parent fails to maintain and support the child for the year immediately preceding the petition for adoption. R.C. 3107.07(A). Whether a parent has failed to support a child without justifiable cause is a determination for the probate court that will not be disturbed on appeal unless that determination is against the manifest weight of the evidence. In the Matter of the Adoption of Kasey Lee K. (Oct. 23, 1998), Huron App. No. H-98-010, citing In re Adoption of Bovett (1987),33 Ohio St.3d 102. The petitioner in an adoption case has the burden to show by clear and convincing evidence that the parent, without justifiable cause, has not supported a child for one year before the adoption petition was filed. Id.
 {¶ 5} Here, Devin's grandmother met the requirements. Devin's father admitted that he never provided for the maintenance and support of his son between April 9, 2001 and April 9, 2002, as required by statute. Any support, "no matter how meager," would have satisfied the statute.Celestino v. Schneider (1992), 84 Ohio App.3d 192, 196. Financial failure can not be justified because during part of the time a parent was in prison. In the Matter of the Adoption of Buswell (May 25, 1979), Erie App. No. E-78-33. Ignorance of the law or a belief there is no obligation because there is no court order of support also is no excuse. In theMatter of the Adoption of Zachary H. (Mar. 7, 1997), Williams App. No. WM-96-013. When a parent is incarcerated in another state, he or she has a duty to inquire of Ohio authorities if there is a question about possible suspension of support obligations. In the Matter of the Adoptionof Weir (Sept. 29, 1989), Lucas App. No. L-89-073.
 {¶ 6} Although Devin's father was incarcerated at certain times, he was working at other times within the year before the adoption petition was filed. He never provided any support for Devin. Instead, he chose to support his drug habit. He did not ask about support obligations while he was incarcerated in different states. He never sent any portion of the wages he earned in Ohio or elsewhere for Devin's support. Therefore, the petitioner met her burden of showing by clear and convincing evidence that Devin's father failed, without justifiable cause, to provide maintenance and support of his son for at least one year immediately preceding the filing of the adoption petition. Devin's father's consent is not needed for the adoption to go forward.
 {¶ 7} We find the manifest weight of the evidence supports the trial court's decision. Appellant's sole assignment of error is not well-taken, and the judgment of the Lucas County Court of Common Pleas, Probate Division is affirmed[3]. Appellant is ordered to pay the court costs of this appeal.
 JUDGMENT AFFIRMED.
Knepper and Pietrykowski, JJ., concur.
[1] We note and approve of the steps taken and procedural safeguards utilized by the probate court.
[2] R.C. 3107.07(A) states:
 "Consent to adoption is not required of any of the following: *** A parent of a minor, when it is alleged in the adoption petition and the court finds after proper service of notice and hearing, that the parent has failed without justifiable cause to communicate with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner."
[3] In another case decided this week, In the Matter of the Adoption ofZachary Steven S., 6th Dist. No. L-03-1056, parental consent based on support was also an issue and is distinguishable on its facts.