OPINION
{¶ 1} Appellant, Phillip G., appeals the decision of the Warren County Court of Common Pleas, Probate Division, finding that his consent as the natural father of R.N.L.O. was not required for the child's adoption by her stepfather, appellee, Shawn O. We affirm the trial court's judgment.
 {¶ 2} R.N.L.O. was born on August 20, 2003. The child's mother, Shemarah O., and father, appellant, were never married and did not reside together at the time of the child's *Page 2 
birth.[1] Appellant has never seen or communicated with R.N.L.O., and Shemarah O. has had legal custody of the child since her birth. In December 2003, Shemarah O. and R.N.L.O. began living with appellee. Shemarah O. and appellee were later married on September 17, 2005, and appellee filed a petition to adopt R.N.L.O. on November 15, 2006.
{1 ¶ 3} On May 13, 2005, a paternity action established that appellant was R.N.L.O.'s natural father, and appellant was ordered to pay child support in the amount of $489.57 per month. Appellant, however, made no support payments until October 2006, and was found in contempt of court for failing to timely pay his child support obligation in December 2006. As summarized by the trial court, appellant made the following support payments as of March 20, 2007: $100 on October 17, 2006, $100 on November 6, 2006; $100 on November 14, 2006; $100 on November 17, 2006; $1200 on December 8, 2006; $489.57 on February 20, 2007; and $489.57 on March 19, 2007.
 {¶ 4} On March 20, 2007, the trial court held a hearing on appellee's adoption petition to determine whether appellant's consent was required for the adoption to proceed. At the conclusion of the hearing, the trial court determined that appellant's consent was not required because he unjustifiably failed to provide maintenance and support to the child for the one-year period immediately preceding the date the adoption petition was filed. Specifically, the trial court determined that three payments of $100 appellant made during this one-year time period were "negligible," and therefore, did not constitute "support."
 {¶ 5} Appellant now appeals the trial court's decision, advancing two assignments of error.[2] *Page 3 
 {¶ 6} Assignment of Error No. 1:
 {¶ 7} "A COURT ERRORS WHEN ENTERING A FINDING OF FACT THAT THE APPELLANT HAS NOT SUPPORTED THE CHILD WHEN RECORDS INDICATE PAYMENTS MADE WITHIN THE TIME PERIOD BEFORE THE ONE YEAR OF THE FILING OF THE ADOPTION PETITION." [SIC]
 {¶ 8} In his first assignment of error, appellant argues the trial court erred in determining his consent was not required for R.N.L.O.'s adoption on the basis he failed to provide maintenance and support to the child during the one-year period immediately preceding the filing of the adoption petition. Specifically, appellant argues the trial court erred in determining that he failed to provide support within the meaning of the consent statute because the payments he made prior to the filing of the adoption petition were "negligible." We find this argument without merit.
 {¶ 9} Pursuant to R.C. 3107.07(A), "[c]onsent to adoption is not required of * * * [a] parent of a minor, when it is alleged in the adoption petition and the court finds after proper service of notice and hearing, that the parent has failed without justifiable cause to communicate with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner."
 {¶ 10} The petitioner for adoption has the burden to prove by clear and convincing evidence that the natural parent failed to support his or her child for the one-year period and that such failure was without justifiable cause. In re Adoption of Masa (1986), 23 Ohio St.3d 163, paragraph one of the syllabus; In re Adoption of Holcomb (1985),18 Ohio St.3d 361, *Page 4 
paragraph four of the syllabus. "Once the petitioner has established, by clear and convincing evidence, that the natural parent has failed to support the child for at least the requisite one-year period, theburden of going forward with the evidence shifts to the natural parent to show some facially justifiable cause for such failure. The burden ofproof, however, remains with the petitioner." In re Adoption ofBarkhurst, Butler App. No. CA2002-04-0819, 2002-Ohio-4711, ¶ 12, quotingIn re Adoption of Bovett (1987), 33 Ohio St.3d 102, 104. (Emphasis sic.)
 {¶ 11} Whether the petitioner has proven by clear and convincing evidence that the natural parent has failed to support his or her child without justifiable cause is a determination for the probate court, and will not be disturbed on appeal unless such determination is against the manifest weight of the evidence. Bovett, paragraph four of the syllabus.
 {¶ 12} As an initial matter, the trial court determined, and the parties do not dispute on appeal, that the date from which the one-year "look-back period" began to run for purposes of R.C. 3107.07(A) was November 15, 2006, the date on which the adoption petition was filed. Appellant argues his consent was required for the minor child's adoption because he made support payments to the child during this time period. He contends the trial court erred in determining such support payments were "negligible," and therefore, did not constitute support for purposes of the consent statute.[3] We disagree.
 {¶ 13} This court has previously held that a trial court may find a parent has unjustifiably failed to support his or her child where the parent "makes only negligible support payments, but * * * is fully capable of providing more than token support to [the] child." In reAdoption of Myers (Nov. 20, 2000), Clermont App. No. CA2000-05-032, at 7, following Bovett, *Page 5 33 Ohio St.3d at 107, (Douglas, J. concurring). Similarly, other appellate courts have found it permissible for a trial court to determine a parent has failed to provide support to his or her child where the parent makes "token" support payments immediately prior to the filing of an adoption petition. See, e.g., In re adoption ofCarletti (1992), 78 Ohio App.3d 244, 250 (holding that appellant's payment of "one week support after notice of intention to file an adoption petition and immediately before the petition is filed is not support within the meaning of R.C. 3107.07[A]"); In re Adoption ofKilbane (1998), 130 Ohio App.3d 203, 207, 208 (holding that appellant's payments of amounts less than that required by the court's child support order, made just weeks prior to the filing of the adoption petition, did not defeat application of the consent statute). See, also, In reAdoption of Wagner (1997), 117 Ohio App.3d 448, 454; In re Adoption ofKnight (1994), 97 Ohio App.3d 670, 672; In re Adoption of Thomas (Dec. 22, 1987), Licking App. No. CA-3311, at *1.
 {¶ 14} In this case, the record demonstrates appellant made his first support payment on October 17, 2006, less than one month before the adoption petition was filed. While the monthly support payment appellant was obligated to pay was $489.57, the record indicates appellant paid only $100 at that time. Appellant made two additional payments of $100 prior to the filing of the adoption petition, one on November 6, 2006 and the other on November 14, 2006, for a total of $300. Significantly, the record indicates appellant made these payments only after he was informed of appellee's intention to adopt the child.
 {¶ 15} The trial court found, and we agree, that the aggregate sum of $300 appellant paid during the one-year time period immediately preceding the filing of the adoption petition was negligible, and therefore, insufficient to constitute maintenance and support for purposes of the consent statute. As an initial matter, the $300 appellant paid during this time period constitutes less than one month of child support appellant was obligated to pay. As of the date the adoption petition was filed, appellant was more than $9,000 in arrears as to his child *Page 6 
support obligation. Further, the record indicates appellant made these payments after a consistent, long-term period of nonpayment, and only after appellant was notified of appellee's intention to adopt the minor child.
 {¶ 16} Notably, the trial court found that no evidence was presented at the consent hearing indicating appellant was unable to pay the ordered child support during the one-year period such that his failure to pay was justified. In fact, the trial court noted there was no evidence to support a finding that appellant's economic situation improved "to such an extent" from October 2006, that he was able to make four payments from November 2006 to March 2007 totaling $2,279.14. As stated, appellant does not advance any argument or facts challenging the trial court's finding that his failure to support the child during the requisite time period was unjustified.
 {¶ 17} Based upon the foregoing, we find no error in the trial court's determination that appellant's consent to the adoption proceeding was not required, due to his unjustified failure to support the minor child for the one-year period immediately preceding the filing of the adoption petition. Appellant's first assignment of error is therefore overruled.
 {¶ 18} Assignment of Error No. 2:
 {¶ 19} "A COURT ERRORS WHEN ENTERING A FINDING WHEN IT LACKS JURISDICTION." [SIC]
 {¶ 20} In his second assignment of error, appellant alleges the trial court lacked jurisdiction over the instant adoption proceeding because the juvenile court had "exclusive original jurisdiction over the child" pursuant to R.C. 2151.07 and R.C. 2151.23. Appellant contends the juvenile court was required to relinquish such jurisdiction before the probate court could proceed with the adoption, and because it did not do so, the order of the probate court is void.
 {¶ 21} The Ohio Supreme Court, however, has held that "the original and exclusive *Page 7 
jurisdiction over adoption proceedings is vested in the probate court."In re Adoption of Pushcar, 110 Ohio St.3d 332, 2006-Ohio-4572, ¶ 9, citing, State ex rel. Portage Cty. Welfare Dept. v. Summers (1974), 38 Ohio St.2d 144, paragraph two of the syllabus. A probate court "`has jurisdiction to hear and determine an adoption proceeding relating to a minor child notwithstanding the fact that the custody of such child is at the time within the continuing jurisdiction of a divorce court'" or juvenile court. Id., quoting In re Adoption of Biddle (1958),168 Ohio St. 209, paragraph two of the syllabus. See, also, In re Adoption ofHitchcock (1996), 120 Ohio App.3d 88, 103-104.
 {¶ 22} Accordingly, the fact that the juvenile court had continuing jurisdiction over the child at the time the adoption proceeding was commenced in the probate court does not create a jurisdictional bar to the adoption proceeding itself.[4] We therefore find the probate court had jurisdiction over the instant adoption proceeding. Appellant's second assignment of error is overruled.
 {¶ 23} Judgment affirmed.
BRESSLER, P.J. and WALSH, J., concur.
[1] Shemarah O. currently has a civil protection order against appellant, which she obtained prior to the child's birth.
[2] Appellant's merit brief is styled under the headings, "Argument I" and "Argument II." We construe these arguments as separate assignments of error which will be addressed as such in this opinion. We also note that appellant sets forth an "assignment of error" in the table of contents of his merit brief, which is neither recited nor argued in the body of his merit brief, providing as follows: "A court errs when entering a finding of fact that the appellant has no ability to work yet does not find that to be justifiable cause to require consent to adopt." Pursuant to App.R. 12(A)(2), we disregard this assignment of error.
[3] Appellant does not present any argument or facts to challenge the trial court's determination that his failure to provide maintenance and support to the child during the one-year period was unjustified. Rather, appellant challenges the court's determination that he failed to support the child where the record indicates appellant made support payments during this time period. Accordingly, our analysis is limited to the trial court's determination that appellant failed to support the child where his support payments were "negligible."
[4] We note there is some reference in parties' briefs and in the trial court's decision regarding a visitation motion appellant filed in the juvenile court. The Ohio Supreme Court has held that when an issue concerning the parenting of a minor child is pending in the juvenile court, a probate court must refrain from proceeding with the adoption of that child. In re Adoption of Pushcar, 110 Ohio St.3d 332,2006-Ohio-4572, ¶ 8. Appellant, however, does not argue this as a basis for reversal with respect to his jurisdictional challenge, and our review of the record yields insufficient evidence regarding the visitation motion to properly consider or rule on the issue at this time. *Page 1