**[Cite as *In re the Adoption of I.R.R.M.*, 2014-Ohio-1719.]**

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| IN THE MATTER OF: THE ADOPTION OF I.R.R.M. | : | JUDGES: Hon. W. Scott Gwin, P.J. |
|  | : | Hon. John W. Wise, J. |
|  | : | Hon. Patricia A. Delaney, J. |
|  | : |  |
|  | : |  |
|  | : |  |
|  | : | Case No. CT2013-0053 |
|  | : |  |
|  | : |  |
|  | : |  |
|  | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Muskingum County Court
                             of Common Pleas, Probate Division, Case
                             No. 20124027

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      April 21, 2014

APPEARANCES:

For Appellant:                        Appellees:

BRIAN BENBOW                          SHERRY AND MITCHELL RICE
605 Market Street                     62 N. Westmoor Avenue
Zanesville, Ohio  43701               Newark, Ohio  43055

*Gwin, P.J.*

{¶1} Appellant appeals the November 14, 2013 judgment entry of the Probate Court of Muskingum County which dismissed appellant's adoption petition upon finding the consent of the biological mother and biological father was required.

*Facts & Procedural History*

{¶2} Appellant Marlene Merrigan is the legal custodian of the minor I.R., who was born on August 30, 2006. Appellee Sherry Rice ("Mother") is I.R.'s biological mother and appellee Mitchell Rice ("Father") is I.R.'s biological father. Mother and Father are married. On June 29, 2012, appellant filed a petition for the adoption of I.R., indicating the consent of Mother and Father was required for the adoption. Attached to the adoption petition was a copy of a June 29, 2011 judgment entry from the Muskingum County Domestic Relations Court designating appellant as the permanent legal custodian of I.R. and establishing child support obligations for both Mother and Father with regards to I.R. The judgment entry stated that, "parenting time shall be arranged by the parties."

{¶3} On September 5, 2012, appellant filed an amended petition for adoption. On the amended petition, appellant indicated the consent of Mother and Father was not required because they failed without justifiable cause to provide more than de minimis contact with the minor for a period of at least one year and had failed without justifiable cause to provide for the maintenance and support of the minor child as required by law or judicial decree for a period of at least one year. The parties appeared at a hearing on December 12, 2012. Appellant testified on direct examination and stated Mother had paid child support, but Father had not. Further, that Mother and Father spent limited

time with I.R. during the period at issue (September 5, 2011 to September 5, 2012). Appellant testified Mother and Father had not written or tried to call I.R. and the hours she allowed them to see I.R. were the only hours requested by them.

{¶4}   Mother and Father orally requested to continue the hearing to gather evidence and hire an attorney.  The trial court granted the motion to continue and in an entry dated December 17, 2012, ordered Mother and Father "to prepare an itemized list of each and every time either of them had contact with I.R. between September 5, 2011 and September 5, 2012, showing who the contact was with, where it took place, who else was present and how long it lasted."  Mother and Father were also ordered to provide attorney for appellant with a list of witnesses and copies of exhibits they planned to use at the next hearing.  The itemized list was provided by Mother and Father on January 2, 2013 and included in-person contacts of either or both Mother and Father with I.R. in September of 2011, January of 2012, March of 2012, May of 2012, and July of 2012.   After the parties exchanged discovery, the trial court held a pre-trial in February of 2013 and scheduled a hearing for July 15, 2013.

{¶5}   On July 5, 2013, appellant filed a second amended petition for adoption which stated the parents failed without justifiable cause to provide more than de minimis contact with I.R. for a period of at least one year from July 5, 2012 through July 5, 2013. Appellees filed an objection to the petition for adoption on July 22, 2013.  The July 15, 2013 hearing previously scheduled on appellant's first amended petition was continued to September 6, 2013.  At the September 6th hearing, appellant proceeded on both her first amended and second amended adoption petitions.  Appellant and appellees testified at the hearing.

{¶6} Appellant testified Father never paid child support, but Mother has paid child support as ordered. Appellant confirmed Mother and Father visited I.R. in January of 2012 for at least two hours to give her Christmas gifts, but does not remember Mother and Father taking I.R. sled-riding in January of 2012. Appellant stated Father accompanied her and I.R. on a trip to Florida from March 6, 2012 through March 22, 2012. Though they drove together, appellant testified Father stayed somewhere else and had no meaningful interaction with I.R. in Florida. Appellant confirmed Father had interaction with I.R. in May of 2012 for approximately one hour and both Father and Mother took I.R. to a cookout in July of 2012. Appellant's testimony and her notes from her phone records showed she received eighty-seven calls from Mother and/or Father, but no message was left. An additional thirty calls were made to her phone by Mother in March of 2012, looking for Father while they were in Florida. Appellant stated she never refused a phone call from Mother or Father despite the fact that she wrote letters to both Mother and Father instructing them never to call her again. Appellant testified neither Mother nor Father had any contact with I.R. from July 5, 2012 through July 5, 2013. In regards to a $1,279 support payment made by Father, appellant testified Father asked her to waive the payment, so she did. Appellant stated she did not want and would not take Father's money.

{¶7} Mother testified she saw I.R. twice in January of 2012 and in July of 2012. Mother stated she had telephone contact with I.R. in December of 2011. Mother testified in February of 2012 and in August of 2012 she requested visits with I.R. and appellant denied her these visits. Mother introduced into evidence a letter written by appellant in which appellant told Mother never to call her again and that she will not

accept any calls from her. Mother stated she tried to have contact with I.R., but was told several times by appellant she could not have contact with I.R. and, at some point, when she tried to call appellant's phone, it said it was not accepting calls.

{¶8} Father testified the $1,279 payment made to child support was from his and Mother's tax refund and that appellant waived the payment and voluntarily had the money returned to him. Father confirmed he visited with I.R. with Mother twice in January of 2012. He stated he went to Florida with I.R. and appellant from March 6, 2012 through March 22, 2012, and spent half the time staying with appellant and I.R. Father testified he spent one night alone with I.R. Father also confirmed a May 2012 visit I.R. at appellant's home. Father testified he made phone contact with appellant from September of 2011 through September of 2012 to attempt to see I.R. Father stated appellant wrote him a letter in which appellant told her never to call her. Both Mother and Father testified they want to have a relationship with I.R. Appellant and appellees all confirmed that telephone contact was the way the parties would communicate to set up visitation.

{¶9} The trial court issued a judgment entry on November 14, 2013. The trial court found appellant failed to establish by clear and convincing evidence that Mother's and Father's failure to support was without justifiable cause and that Mother and Father failed to have de minimis contact with I.R. without justifiable cause. The trial court therefore found the consent of Mother and Father was required for the adoption and thus dismissed the adoption petition.

{¶10} Appellant appeals the November 14, 2013 judgment entry of the Probate Court of Muskingum County and assigns the following as error:

{¶11} "I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN DISMISSING THE PETITION FOR ADOPTION BY FINDING THAT APPELLANT FAILED TO PROVE THAT THE NATURAL PARENTS' FAILURE TO SUPPORT THEIR CHILD WAS WITHOUT JUSTIFIABLE CAUSE.  THE PARENTS' CONSENT TO ADOPTION WAS NOT NECESSARY UNDER THIS GROUND FOR ADOPTION.

{¶12} "II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY NOT ENFORCING ITS DECEMBER 17, 2012 JUDGMENT ENTRY, WHICH REQUIRED BOTH PARENTS TO GIVE DATES AND DETAILS ABOUT ALLEGED CONTACTS WITH THE MINOR CHILD.  THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY ALLOWING THE PARENTS TO EXPAND UPON THEIR PRETRIAL NOTICE AT TRIAL BY TESTIFYING ABOUT ALLEGED CONTACTS NOT TIMELY DISCLOSED THUS IMPOSING UNFAIR SURPRISE UPON APPELLANT.

{¶13} "III. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN DISMISSING THE PETITION FOR ADOPTION BY FINDING THAT APPELLANT FAILED TO PROVE THAT THE NATURAL PARENTS HAD DE MINIMIS CONTACT WITH THE MINOR CHILD.  THE PARENTS' CONSENT TO ADOPTION WAS NOT NECESSARY UNDER THIS GROUND FOR ADOPTION.

{¶14} "IV. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN DISMISSING THE PETITION FOR ADOPTION BY FINDING THAT APPELLANT SIGNIFICANTLY INTERFERED WITH THE COMMUNICATION BETWEEN PARENTS AND THE CHILD BY DENYING THE NATURAL PARENTS PARENTING TIME WITH THE MINOR CHILD.  THE TRIAL COURT ACCORDINGLY COMMITTED

REVERSIBLE ERROR IN FINDING THAT THERE WAS JUSTIFIABLE CAUSE FOR THE NATURAL PARENTS' FAILURE TO COMMUNICATE WITH THE MINOR CHILD."

{¶15} In order to most efficiently discuss appellant's assignments of error, we will first review assignment of error II.

II.

{¶16} Appellant contends the trial court erred by allowing Mother and Father to expand upon their pre-trial statement by testifying about alleged contacts not timely disclosed thus imposing unfair surprise upon appellant. Further, that the trial court should have sanctioned Mother and Father for violating the pre-trial order by excluding any dates of contact that were not timely disclosed. We disagree.

{¶17} Appellant does not argue appellees violated a specific discovery rule. Rather, she argues appellees violated the portion of the trial court's December 17, 2012 judgment entry ordering Mother and Father to "prepare an itemized list of each and every time either of them had contact with I.R. between September 5, 2011 and September 5, 2012, showing who the contact was with, where it took place, who else was present, and how long it lasted" by testifying about phone calls or attempted phones calls during this time period. "Although the trial court may exclude evidence as a sanction for a party's failure to provide discovery or comply with an applicable order, it is not required to do so." *McKinney v. Schlatter,* 12th Dist. Warren No. CA98-05-101, 1999 WL 17800 (Jan. 19, 1999). A trial court has broad discretion when imposing sanctions and we review these rulings only for an abuse of discretion. *Id.* Because the exclusion of reliable and probative evidence is a severe sanction a court should only invoke it when it is clearly necessary to enforce willfull noncompliance or to prevent

unfair surprise.  *Huntington Nat'l Bank v. Jasar Recycling, Inc.*, 7th Dist. Columbiana No. 11-CO-24, 2013-Ohio-426.

{¶18} Here, appellant asked the trial court to exclude the relevant testimony regarding phone calls that were not listed on appellees' response to the pre-trial order. This severe sanction was the only one requested, and the trial court did not abuse its discretion in declining to impose it.  Though the phone calls or attempted calls were not listed on appellees' response to the pre-trial order, appellees' attorney stated the information was contained in appellees' discovery responses.  Further, appellant's attorney had the ability to cross-examine both Mother and Father about their testimony. The trial court permitted appellant to testify about the phone calls and offered to schedule another hearing on at least one of the phone calls, which appellant declined. Accordingly, we find the trial court did not abuse its discretion in admitting the testimony as exclusion is not clearly necessary to enforce willful noncompliance or to prevent unfair surprise.  Appellant's second assignment of error is overruled.

*Consent to Adoption by Natural Parents*

{¶19} The termination of a natural parent's right to object to the adoption of his child requires strict adherence to the controlling statutes.  *In re: Adoption of Kuhlmann*, 99 Ohio App.3d 44, 649 N.E.2d 1279 (1st Dist. 1994).  Ordinarily, the written consent of a minor child's natural parents is required prior to adoption, but R.C. 3107.07 provides exceptions to this requirement.  R.C. 3107.07(A) states:

> Consent to adoption is not required of any of the following:
>
> (A) A parent of a minor, when it is alleged in the adoption
>
> petition and the court, after proper service of notice and

hearing, finds by clear and convincing evidence that the parent has failed without justifiable cause to provide more than de minimis contact with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner.

{¶20} Appellant has the burden of proof in this action. "The party petitioning for adoption has the burden of proving, by clear and convincing evidence, that the parent failed to communicate with the child during the requisite one-year period and that there was no justifiable cause for the failure of communication." *In re Adoption of Holcomb*, 18 Ohio St.3d 361, 481 N.E.2d 613 (1985); see also *In re Adoption of Bovett*, 33 Ohio St.3d 102, 104, 515 N.E.2d 919 (1987). "No burden is to be placed upon the non-consenting parent to prove that his failure to communicate was justifiable." *Holcomb*, 18 Ohio St.3d at 368.

{¶21} With regard to support, the relevant inquiry is not whether the parent provided support as would be expected, "but whether the parent's failure to support * * * is of such magnitude as to be the equivalent of abandonment." *Gorski v. Myer*, 5th Dist. Stark No. 2005CA00033, 2005-Ohio-2604, citing *Celestino v. Schneider*, 84 Ohio App.3d 192 (6th Dist. 1992). The Ohio Supreme Court emphasized that monetary gifts to the child do not qualify as support because they are not payments as required by law or judicial decree as R.C. 3107.07(A) requires. *In re: Adoption of M.B.*, 131 Ohio St.3d 186, 2012-Ohio-236, 963 N.E.2d 142. A probate judge has discretion to determine

whether the biological parent provided support as contemplated by R.C. 3107.07(A) "and his or her judgment should not be tampered with absent an abuse of discretion." *In re Adoption of Bovett*, 33 Ohio St.3d at 107, 515 N.E.2d 919 (1987).

**{¶22}** "Once the clear and convincing standard has been met to the satisfaction of the probate court, the reviewing court must examine and record and determine if the trier of fact had sufficient evidence before it to satisfy this burden of proof * * * The determination of the probate court should not be overturned unless it is unsupported by clear and convincing evidence." *Holcomb*, 18 Ohio St.3d at 368. Clear and convincing evidence is the "measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established." *In re: Estate of Haynes*, 25 Ohio St.3d 101, 103-104, 495 N.E.2d 23 (1986).

**{¶23}** With respect to a failure to support, the Ohio Supreme court stated, "[t]he question of whether justifiable cause for failure to pay child support has been proven by clear and convincing evidence in a particular case is a determination for the probate court and will not be disturbed on appeal unless such determination is against the manifest weight of the evidence." *In re: Adoption of M.B.*, 131 Ohio St.3d 186, 2012-Ohio-236, 963 N.E.2d 142.

**{¶24}** Therefore, for appellant to prevail in this adoption proceeding without Mother's and Father's consent, she must prove by clear and convincing evidence that (1) there has been a failure of communication or support by Mother and Father for the one-year period and (2) the failure is unjustified.

**{¶25}** Appellant must also establish that the failure to communicate or support was without justifiable cause. "If the natural parent presents evidence showing that his

failure to communicate was not unjustified, the petitioner must prove by clear and convincing evidence that such failure was not justified." *In re Adoption of Shea*, 10th Dist. Franklin No. 90AP-245, 1990 WL 106468 (July 24, 1990). *In re Holcomb* further held:

> Significant interference by a custodial parent with communication between the non-custodial parent and the child, or significant discouragement of such communication, is required to establish justifiable cause for the non-custodial parent's failure to communicate with the child. The question of whether justifiable cause exists in a particular case is a factual determination for the probate court and will not be disturbed upon appeal unless such determination is unsupported by clear and convincing evidence.

18 Ohio St.3d 361, 481 N.E.2d 613, paragraph three of syllabus.

I.

{¶26} Appellant argues the trial court erred in dismissing the petition for adoption by finding appellant failed to prove that Mother's and Father's failure to support I.R. was without justifiable cause. We disagree.

{¶27} Appellant testified she received child support from Mother from September 5, 2011 through September 5, 2012. The records introduced establish that monthly payments were collected from Mother and dispersed to appellant, and during two months (January and April of 2012), Mother overpaid her child support obligation.

Accordingly, appellant failed to prove Mother failed to support I.R. from September 5, 2011 through September 5, 2012.

**{¶28}** Appellate courts have found even a meager amount of support is sufficient to avoid a finding the parent's consent is not required. See, *Celestino v. Schneider*, 84 Ohio App.3d 192, 616 N.E.2d 581 (6th Dist. 1992) (father's payment of $36 to CSEA precluded a finding of failure to provide maintenance and support). Further, even if appellant establishes that Father has failed to support the child, the burden shifts to Father to show some facially justifiable reason for the failure. *In re Adoption of B.I.P.*, 4th Dist. Jackson No. 07CA9, 2007-Ohio-6846. The word "justifiable" means "[c]apable of being legally or morally justified; excusable; defensible." Black's Law Dictionary (8th Ed. 2004) 882. "Some facially justifiable reasons for failure to support one's child are: (1) unemployment and a lack of income, and (2) the custodian, who is in a better financial position than the natural parent, adequately provides for a child's needs and expresses no interest in receiving any financial assistance." *In re Adoption of B.I.P.*, 4th Dist. Jackson No. 07CA9, 2007-Ohio-6846.

**{¶29}** In this case, Father testified he was and is still unemployed. Father stated, and the records confirm, that there was a payment of $1,279.00 deposited to the child support enforcement agency in April of 2012 by Father. Father and appellant testified this amount was refunded to Father after appellant waived the funds and caused the funds to be returned to Father. Appellant testified she did not want Father to go to jail for failing to pay child support. Further, that, despite the child support order established by the domestic relations court, she would not accept money from Father even if it was offered to her. Thus, while appellant requested financial assistance

through the child support order, she subsequently waived the one substantial payment Father made during the time period and stated she would not accept any money from Father even if he offered it to her. Accordingly, we find the trial court did not err by finding Father did not fail to support I.R. and that, even if he did fail to support I.R., the failure to support was justified by appellant's refund of the funds to Father and appellant's refusal to accept money from Father. Appellant's first assignment of error is overruled.

III.

{¶30} Appellant argues the trial court erred in dismissing the adoption petition by finding appellant failed to prove Mother and Father had de minimis contact with I.R. during September 5, 2011 through September 5, 2012 without justifiable cause. We disagree.

{¶31} In this case, the trial court found the evidence established Mother and Father had more than de minimis contact with I.R. during the September 5, 2011 through September 5, 2012 time period. We find there is clear and convincing evidence to support the trial court's conclusion. Appellant acknowledges I.R. saw both Mother and Father in January of 2012 for at least two hours. She further acknowledges Father went to Florida with appellant and I.R. in March of 2012, but testified Father stayed with someone else most of the time and had no meaningful interaction with I.R. Appellant also confirmed I.R. and Father had an approximately one hour interaction in May of 2012. Appellant testified Mother and Father took I.R. to a cookout for approximately seven hours in July of 2012. While appellant testified she never refused a phone call from Mother or Father, she confirmed she did ask them to stop calling her. Appellant's

notes and her testimony confirmed Mother and/or Father called appellant's phone eighty-seven times without leaving a message. Appellant testified an additional thirty calls were made by Mother trying to locate Father when he was in Florida with appellant and I.R.

{¶32} Mother stated she had telephone contact with I.R. on December 25, 2011. Appellant does not recall this phone call, but could not say it didn't happen. Mother testified she and Father saw I.R. for a second time in January of 2012 for sledding for approximately five to six hours. Father confirmed the visit with himself, Mother, and I.R. in his testimony. Appellant does not recall this visit, but could not say it didn't happen. Father testified when he went to Florida with I.R. and appellant in March of 2012, he stayed approximately half the time with appellant and I.R. and spent at least one night alone with I.R. Father confirmed he visited I.R. in May of 2012 at appellant's home. The trial court, as the finder of fact, is free to accept or reject any of the testimony of the witnesses. We are not the finders of fact. In this case, the trial court found the testimony by Mother and Father to be credible.

{¶33} We have reviewed the record and find appellant failed to meet her evidentiary burden. The trial court's decision is supported by clear and convincing evidence establishing Mother and Father did have more than de minimis contact with I.R. within the one-year period covered by the first amended petition, and furthermore, the failure to have more extensive contact was justified due to the significant interference of appellant, as discussed *infra*.

IV.

{¶34} Appellant contends the trial court erred by finding she significantly interfered with the communication between the minor and her parents. We disagree.

{¶35} In this case, although Mother and Father failed to communicate with I.R. during the one year period prior to appellant's second amended petition for adoption, the trial court found Mother and Father presented evidence showing their failure to communicate was justified as the result of significant interference and discouragement of communication by appellant.

{¶36} We find there is sufficient evidence to support the trial court's decision. Mother testified in February of 2012 appellant agreed to allow I.R. to go out to dinner with Mother and Father, but that appellant failed to appear with I.R. as planned. Mother further testified she had telephone contact with appellant on August 23, 2012 requesting a visit for I.R.'s birthday and that appellant denied the request. Mother stated she has tried to have contact with I.R. through letters and phone calls, but was told several times by appellant she was not allowed and that when she tried to call appellant's phone, it stated it was not accepting calls. Appellant confirmed she wrote letters to Mother and Father in May of 2012. In one letter to Mother, appellant told her she would not take a call from her or Father and "don't ever call me again." In a letter written to Father in May of 2012, appellant tells Father "so never call me" and in a June 2012 letter writes to Father to, "tell your wife never to call again * * *." Appellant testified that although she did request that Mother and Father never call her again, they continued to call her. Appellant and appellees confirmed that telephone contact was the method they would utilized to set up visitation between appellees and I.R. Both Mother and Father testified

they want to have a relationship with I.R.  Appellant could not recall denying visitation on the dates Mother specified, but testified she would only deny visitation because of concerns of previous alleged sexual abuse by Mother's son.  However, appellant also testified she was aware of the incident prior to the judgment entry in the domestic relations case and nothing was included in the entry addressing these concerns or limiting Mother's son's contact with I.R.

{¶37} Appellant asks us to conclude Mother's testimony lack credibility and argues Mother and Father should have filed for parenting time in the domestic relations case.  However, the trial court, as the trier of fact, is free to accept or reject any or all of the testimony of the witnesses.  The trial court chose to believe Mother and Father in this instance.  Moreover, as we have previously noted, "[n]o burden is to be placed upon the non-consenting parent to prove that his failure to communicate was justifiable."  *In re D.N.O.*, 5th Dist. Stark No. 2012-CA-00239, 2013-Ohio-2512.  Accordingly, clear and convincing evidence supports the trial court's determination.  Appellant's fourth assignment of error is overruled.

*Conclusion*

**{¶38}** We have reviewed the record and find appellant failed to meet her evidentiary burden in this case.   The trial court's determination that Mother's and Father's consent to the adoption was necessary was supported by clear and convincing evidence.   Accordingly, appellant's assignments of error are overruled and the November 14, 2013 judgment entry of the Probate Court of Muskingum County is affirmed.

By Gwin, P.J.,

Wise, J., and

Delaney, J., concur