[Cite as *In re: A.C.B.*, 2018-Ohio-3081.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

In re Adoption of A.C.B.                   Court of Appeals No. L-18-1043

                                           Trial Court No. 2017 ADP 000098

                                           **<u>DECISION AND JUDGMENT</u>**

                                           Decided:  August 3, 2018

* * * * *

Robert S. Salem, for appellant.

James L. Rogers and Katrin E. McBroom, for appellee.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} This is an appeal from the judgment of the Lucas County Court of Common Pleas, Probate Division, finding under R.C. 3107.07 that appellant-father's, B.D., consent is not required in appellee's, J.B., adoption of the minor child, A.C.B.  For the reasons that follow, we affirm.

2.

## I. Facts and Procedural Background

{¶ 2} The underlying facts in this appeal are not in dispute. In June 2010, appellant married A.C. One year later, on June 21, 2011, A.C. gave birth to their child, A.C.B. Appellant and A.C. separated in 2012, and the divorce was finalized in April 2013. As part of the settlement agreement in the divorce proceedings, full custody of A.C.B. was awarded to A.C., and appellant agreed to pay $85 per week as support for the child.

{¶ 3} Thereafter, in July 2013, appellant, who has permanent residency status in the United States, returned to Kosovo. Appellant has not since been back to the United States, but through an informal agreement with A.C. he has communicated with A.C.B. through Skype.

{¶ 4} In April 2015, A.C. married appellee, and on July 20, 2017, appellee petitioned to adopt A.C.B. In the petition, appellee alleged that appellant's consent was not required pursuant to R.C. 3107.07(A), which provides,

> Consent to adoption is not required of any of the following:
>
> (A) A parent of a minor, when it is alleged in the adoption petition and the court, after proper service of notice and hearing, finds by clear and convincing evidence that the parent has failed without justifiable cause * * * to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately

preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner.

{¶ 5} Relevant here, two days before the petition was filed, appellant made one child support payment of $200. Prior to that, the last child support payment made by appellant was on June 27, 2016, in the amount of $100.

{¶ 6} On February 7, 2018, the trial court held a hearing on whether appellant's consent was required for the adoption, at which appellant and A.C. testified. Following the hearing, on February 8, 2018, the trial court entered its order finding that appellant has failed to provide for the maintenance and support of the child as required by judicial decree, and that his failure was not justifiable. Therefore, the trial court ordered that appellant's consent was not required for the adoption.

## II. Assignments of Error

{¶ 7} Appellant has timely appealed the February 8, 2018 judgment of the trial court, and now raises two assignments of error for our review:

1. The Court abused its discretion by not recognizing controlling precedent in construing the meaning of maintenance and support for purposes of R.C. 3107.07(A).

2. For the above reason, the trial court erred in finding that Petitioner proved, by clear and convincing evidence, that the father of the child, [appellant], failed to support his child for one year prior to the filing of [the] petition for adoption.

4.

## III. Analysis

{¶ 8} Appellant's assignments of error are interrelated, and present the issue of whether a single payment of child support made within the relevant one-year period prior to the filing of the adoption petition constitutes maintenance and support sufficient to preserve his right to object to the adoption under R.C. 3107.07(A). As a backdrop for our analysis of this issue, we note that "we are properly obligated to strictly construe [the language of R.C. 3107.07(A)] to protect the interests of the non-consenting parent who may be subjected to the forfeiture or abandonment of his or her parental rights." *In re Adoption of Holcomb*, 18 Ohio St.3d 361, 366, 481 N.E.2d 613 (1985).

{¶ 9} In support of his position that the trial court abused its discretion when it found that appellant failed to provide maintenance and support, appellant cites *Celestino v. Schneider*, 84 Ohio App.3d 192, 616 N.E.2d 581 (6th Dist.1992). In that case, the trial court found that the father had failed to provide for the maintenance and support of the child where the father had made only one partial child support payment of $36 in the year preceding the adoption petition. On appeal, we reversed. We reasoned that "[a] court's finding that a parent failed to provide for support and maintenance for the one-year period prior to the filing of the adoption petition is tantamount to a determination that the parent abandoned the child and thus forfeited parental rights. The inquiry is not whether the parent may be held in contempt, but whether the parent's failure to support as ordered is of such magnitude as to be the equivalent of abandonment." *Id.* at 196. Thus, we held that "any contribution toward child support, no matter how meager, satisfies the

5.

maintenance and support requirements of R.C. 3107.07(A)," and therefore the trial court's determination was incorrect "as a matter of law." *Id.* at 196-197.

{¶ 10} This view was shared by several other Ohio appellate districts. *See, e.g., In re Adoption of R.M.*, 7th Dist. Mahoning No. 07 MA 232, 2009-Ohio-3252, ¶ 81 (trial court abused its discretion where it found that father's child support payments totaling $185 did not constitute maintenance and support); *In re Adoption of Allonas*, 3d Dist. Crawford No. 3-01-27, 2002-Ohio-2723, ¶ 14 (child support payment of $117.70 constitutes maintenance and support, and trial court's contrary finding was against the manifest weight of the evidence); *In re Adoption of Myers*, 4th Dist. Pickaway No. 94 CA 28, 1995 Ohio App. LEXIS 4479, *11 (Sept. 28, 1995) (one child support payment of $45.70 is sufficient to require father's consent to adoption).

{¶ 11} However, other districts reached the opposite conclusion. *See In re R.N.L.O.*, 12th Dist. Warren No. CA2007-04-049, 2007-Ohio-4215, ¶ 15 (three child support payments totaling $300 was negligible and thus insufficient to constitute maintenance and support); *In re Adoption of Tyler K. Kilbane & Ashley Kilbane*, 130 Ohio App.3d 203, 207-208, 719 N.E.2d 1012 (8th Dist.1998) (four child support payments of $220 made shortly before the petition for adoption was filed do not constitute maintenance and support under R.C. 3107.07(A)); *In re Adoption of Wagner*, 117 Ohio App.3d 448, 454, 690 N.E.2d 959 (11th Dist.1997) (child support payments totaling $329.40 where the father could have earned and paid more money did not constitute maintenance and support); *In re Adoption of Knight*, 97 Ohio App.3d 670, 672,

6.

647 N.E.2d 251 (10th Dist.1994) (single payment of $20 in child support was de minimis and did not constitute maintenance and support of the child); *In re Adoption of Thomas*, 5th Dist. Licking No. CA-3311, 1987 Ohio App. LEXIS 10403, *6 (Dec. 22, 1987) (one child support payment of $35 or $50 is not sufficient to constitute maintenance and support).

{¶ 12} Notably, this split amongst the districts was anticipated by Justice Douglas in his concurrence in *In re Adoption of Bovett*, 33 Ohio St.3d 102, 107, 515 N.E.2d 919 (1987):

> [T]his case presents us with an opportunity to decide what the language of [R.C. 3107.07(A)] means concerning support and/or communication during the critical one-year period. I agree that this initial determination should be made by the probate judge and his or her judgment should not be tampered with absent an abuse of discretion. What specific guidance needs to be given, however, is whether the making of one payment of support during the year or the sending of a Christmas card is enough to frustrate the operation of the statute. Certainly the legislature could not have meant such a result. In fact, it is pertinent to note that the statute, R.C. 3107.07(A), contains other verbiage that has not been considered or discussed. That section requires "* * * maintenance and support of the minor as *required by law or judicial decree* for a period of at least one year immediately preceding * * * the filing of the adoption

7.

petition * * *." (Emphasis added.) Literally interpreted, this could mean that the missing of one or two payments of support, as required by the court order then in effect, would be enough to trigger the operation of R.C. 3107.07(A), thereby negating the need for consent to adoption. This would likewise not be fair or equitable even if such limited non-payment was "without justifiable cause." Thus, the determination must be left to the trial judge who can view the entire spectrum of events and the rights, duties and responsibilities of all the parties appearing in the case.

In short, I think we need to set forth that the probate court is not bound to negate the effect of the statute simply because a natural parent has made a payment or two during the year or has communicated once or twice during the year. Until this court meets and decides that issue, inconsistent judgments of trial courts and courts of appeals on the question will continue to prevail.

{¶ 13} Subsequently, in *In re Adoption of M.B.*, 131 Ohio St.3d 186, 2012-Ohio-236, 963 N.E.2d 142, ¶ 25, the Ohio Supreme Court endeavored to answer Justice Douglas's question of "whether a parent's making a single payment of support or sending a Christmas card is sufficient support to frustrate R.C. 3107.07(A), or on the other end of the spectrum, whether a parent's missing one or two payments of support in the year preceding the filing of an adoption petition negates the need for parental consent to adoption." In answering the question, the court held that "[a] trial court has discretion to

8.

make these determinations, and * * * an appellate court applies an abuse-of-discretion standard when reviewing a probate court decision regarding whether a financial contribution from a parent constitutes maintenance and support for purposes of R.C. 3107.07(A)." *Id.* In *In re Adoption of M.B.*, the biological father failed to make any child support payments as required by law or judicial decree, but did send a $125 gift card to the child at Christmas, and $60 in cash for the child's birthday. *Id.* at ¶ 26. The Ohio Supreme Court held that the gift card and birthday cash were de minimis gifts, not maintenance and support made pursuant to court order, and thus the father's consent was not required for adoption. *Id.*

{¶ 14} Since *In re M.B.*, the Seventh District in *In re Adoption of J.D.T.*, 2012-Ohio-4537, 978 N.E.2d 602 (7th Dist.), affirmed the trial court's finding that the father's consent was required for adoption. In that case, the trial court found that the father's single child support payment of $44.05 was sufficient to constitute support and maintenance. *Id.* at ¶ 4. On appeal, the Seventh District did not address that aspect of the trial court's finding, however, but instead held that the petitioner did not meet his burden to prove that the father's failure to provide support and maintenance was not justifiable. *Id.* at ¶ 38-39.

{¶ 15} In *In re Adoption of I.R.R.M.*, 5th Dist. Muskingum No. CT2013-0053, 2014-Ohio-1719, ¶ 29, the Fifth District held that the trial court did not abuse its discretion when it found that the petitioner had failed to prove by clear and convincing evidence that the father did not provide support and maintenance in light of a $1,279

9.

child support payment made from the father's tax refund, which payment was subsequently refused and returned to the father.

{¶ 16} Similarly, in *In re Adoption of D.M.E.*, 5th Dist. Muskingum No. CT2014-0019, 2014-Ohio-3370, ¶ 28, the Fifth District held that the trial court's finding that the mother provided support and maintenance was not an abuse of discretion where the mother made three support payments in the year prior to the filing of the petition for adoption, and where she immediately notified her employer and the Child Support Enforcement Agency of her support obligation upon her new employment.

{¶ 17} Finally, the Fourth District reached the opposite result in *In re Adoption of K.N.W.*, 4th Dist. Athens Nos. 15CA36, 15CA37, 2016-Ohio-5863, ¶ 2. There, the court held that the trial court did not abuse its discretion when it found that the father had failed to provide support and maintenance where he paid only $328 total in child support for the previous year, when his monthly obligation was $367.20.

{¶ 18} In his appellate brief, appellee urges that the correct standard to apply is the one announced in *In re Adoption of M.B.*, 131 Ohio St.3d 186, 2012-Ohio-236, 963 N.E.2d 142, at ¶ 25, and not our rule in *Celestino*, 84 Ohio App.3d 196-197, 616 N.E.2d 581, that any contribution toward child support, no matter how meager, constitutes support and maintenance as a matter of law. In considering the application of the two cases, and reviewing the applicable case law, we agree with appellee that *In re Adoption of M.B.* controls.

10.

**{¶ 19}** While we recognize that *In re Adoption of M.B.* distinguished payments made pursuant to a child support order from payments that were gratuitous gifts, and that the factual situation in *In re Adoption of M.B.* concerned only gift payments and not payments that were required by law or judicial decree, we nonetheless find that the rule announced by the Supreme Court of Ohio is sufficiently broad to implicitly overrule our holding in *Celestino*. In particular, we note that under *In re Adoption of M.B.*, the trial court has discretion to determine "whether a parent's making a single payment of support * * * is sufficient support to frustrate R.C. 3107.07(A), or on the other end of the spectrum, whether a parent's missing one or two payments of support in the year preceding the filing of an adoption petition negates the need for parental consent to adoption." *In re Adoption of M.B.* at ¶ 25. We find that the reference to missing one or two payments of support necessarily connotes that the Ohio Supreme Court is referring to child support payments and not solely gifts because obviously one cannot *miss* gratuitously making a "voluntary transfer of property to another." *Id.* at ¶ 26. Thus, we are compelled to follow the standard announced by the Ohio Supreme Court that a trial court has discretion to determine whether the payments made by the contesting parent constitute maintenance and support under R.C. 3107.07(A), and that the trial court's determination shall not be disturbed absent an abuse of discretion. Furthermore, in light of this standard, we must overrule our decision in *Celestino* to the extent that it holds that a single payment of child support constitutes maintenance and support as a matter of law.

11.

{¶ 20} Turning now to the merits of this case, we hold that the trial court did not abuse its discretion when it found that appellant failed to provide maintenance and support for his child, A.C.B. An abuse of discretion connotes that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). Here, the undisputed evidence is that for the year prior to the filing of the adoption petition, despite being gainfully employed, appellant has only made one payment of $200, which is equivalent to less than three weeks of his child support obligation, and that payment was made two days before the adoption petition was filed. Upon this record, we find that the trial court's conclusion that appellee demonstrated by clear and convincing evidence that appellant failed to provide maintenance and support is not an abuse of discretion.

{¶ 21} Accordingly, appellant's first and second assignments of error are not well-taken.[1]

### III. Conclusion

{¶ 22} For the foregoing reasons, the judgment of the Lucas County Court of Common Pleas, Probate Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

---

[1] Appellant has not assigned an error, or provided any argument, relevant to the trial court's determination under the second part of R.C. 3107.07(A) that appellant's failure to provide maintenance and support was without justifiable cause. Thus, we will not reach that issue.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Thomas J. Osowik, J.
CONCUR.

Christine E. Mayle, P.J.,
DISSENTS

_____
JUDGE

_____
JUDGE

**MAYLE, P.J.**

{¶ 23} Respectfully, I dissent.

{¶ 24} The majority concludes that *In re Adoption of M.B.*, 131 Ohio St.3d 186, 2012-Ohio-236, 963 N.E.2d 142, "implicitly overruled" our decision in *Celestino v. Schneider,* 84 Ohio App.3d 192, 616 N.E.2d 581 (6th Dist.1992). I disagree. As the Supreme Court of Ohio stated in *In re Adoption of M.B.,* that case was accepted for review on the following certified conflicts:

13.

The Ninth District Court of Appeals certified two questions, which we agreed to review: one, its decision that monetary gifts from a biological parent to a minor child constitute maintenance and support for purposes of R.C. 3107.07(A) and thus trigger the requirement that parental consent is needed before the adoption of the child is approved—which it found conflicts with *In re Adoption of McCarthy*, 6th Dist. No. L-91-199, 1992 Ohio App. LEXIS 103, 1992 WL 23175 (Jan. 17, 1992); and two, its decision that an appellate court should apply a de novo standard of review to a probate court's decision regarding whether a biological parent's financial gift constitutes maintenance and support of the child—which it found conflicts with *In re Adoption of Kat P.*, 5th Dist. Nos. 09CA10 and 09CA11, 2009 Ohio 3852. *In re Adoption of M.B.* at ¶ 1.

{¶ 25} As we expressly recognized in *Celestino* at fn.1, even though this court had previously held in *In re Adoption of McCarthy* that a monetary "gift" is not maintenance and support under R.C. 3107.07(A) —which is the rule that was reviewed and upheld by the Supreme Court of Ohio in *In re Adoption of M.B.*—a child support payment is very different from a gift. A child support payment, no matter how meager, is unquestionably maintenance and support under the plain language of R.C. 3107.07(A). *Celestino* at 196.

{¶ 26} Although the majority relies upon a single paragraph from the text of *In re Adoption of M.B.* that, admittedly, appears to broaden its holding to include child support payments, *id.* at ¶ 25—even though child support payments were not at issue in that

14.

case—the holding of *In re Adoption of M.B.* is limited to its syllabus under former Rep.Op.R. 1(B), which was in effect when that case was decided on January 25, 2012.

{¶ 27} Former Rep.Op.R. 1(B) provided that "[t]he syllabus of a Supreme Court opinion states the controlling point or points of law decided in and necessarily arising from the facts of the specific case before the Court for adjudication." Before the July 2012 adoption of the new Rules for the Reporting of Opinions, under Rule 1(B), the syllabus controlled over any seemingly inconsistent statements within the body of a Supreme Court opinion. *Akers v. Serv-A-Portion, Inc.*, 31 Ohio St.3d 78, 79, 508 N.E.2d 964, fn.1 (1987) ("Although the body of [a Supreme Court] opinion * * * may be somewhat inconsistent with the syllabus of the court, the syllabus is nevertheless the controlling point of law arising from the facts of that case.").[2] Thus, the relevant controlling point of law from *In re Adoption of M.B.* at paragraph one of the syllabus is:

> De minimis monetary gifts from a biological parent to a minor child do not constitute maintenance and support, because they are not payments as required by law or judicial decree as R.C. 3107.07(A) requires.

---

[2] The current rules differ significantly. Under current Rep.Op.R. 2.2, "[t]he law stated in an opinion of the Supreme Court shall be contained in its text, including its syllabus, if one is provided, and footnotes." The new rules provides no guidance for resolving conflicts or inconsistencies that may exist between the syllabus, text, and footnotes of a Supreme Court opinion.

**{¶ 28}** This holding does not overrule *Celestino*, where we articulated a clear distinction between a de minimis monetary gift, which *is not* maintenance and support, and a child support payment, which *is*. *Id.* at 197.

**{¶ 29}** Moreover, I do not believe that we should overrule *Celestino* in this case. In *Celestino*, we astutely recognized that "[t]he inquiry is not whether the parent may be held in contempt, but whether the parent's failure to support as ordered is of such magnitude as to be the equivalent of abandonment. Ohio courts and this court have previously held that any contribution toward child support, no matter how meager, satisfies the maintenance and support requirements of R.C. 3107.07(A)." *Celestino* at 196 (citing cases).

**{¶ 30}** R.C. 3107.07(A) provides an exception to the requirement of parental consent to adoption. The Supreme Court of Ohio has repeatedly held that "'[a]ny exception to the requirement of parental consent [to adoption] must be strictly construed so as to protect the right of natural parents to raise and nurture their children.'" *In re Adoption of Masa*, 23 Ohio St.3d 163, 166, 492 N.E.2d 140 (1986), quoting *In re Schoeppner*, 46 Ohio St.2d 21, 24, 345 N.E.2d 608 (1976); *In re Adoption of Sunderhaus*, 63 Ohio St.3d 127, 132, 585 N.E.2d 418 (when construing R.C. 3107.07(A), courts are "obliged to strictly construe * * * [its] language to protect the interests of the non-consenting parent who may be subjected to the forfeiture or abandonment of his or her parental rights."). That is because "[t]he rights to conceive and to raise one's children have been deemed 'essential, * * * basic civil rights of man,' * * * and "[r]ights far more

16.

precious * * * than property rights." (Citations omitted.) *Stanley v. Illinois*, 405 U.S. 645, 651, 92 S.Ct. 1208, 1212, 31 L.Ed.2d 551 (1972). The permanent termination of parental rights is "the family law equivalent of the death penalty in a criminal case." *In re Smith*, 77 Ohio App.3d 1, 16, 601 N.E.2d 45 (6th Dist.1991).

{¶ 31} Given that R.C. 3107.07(A) must be strictly construed to protect the interests of the non-consenting parent, the express language of the statute should be the paramount consideration. Notably, there is no qualifier before "maintenance and support" in R.C. 3107.07(A)—so, strictly construed in favor of the non-consenting parent, this means that *any* "maintenance and support" is sufficient to preserve the rights of the non-consenting parent, as many Ohio courts have found. Indeed, as recognized in *In re Adoption of Salisbury*, 5 Ohio App.3d 65, 67, 449 N.E.2d 519 (10th Dist.1982), quoting *In re Adoption of Anthony* 5 Ohio App.3d 60, 62-63, 449 N.E.2d 511 (10th Dist.1982):

> Under the statute which existed before enactment of R.C. 3107.07(A), the requirement was that the non-consenting parent "properly" support and maintain the child. Former R.C. 3107.06(B)(4). While that modifier was omitted by the General Assembly in enacting R.C. 3107.07(A), there is authority for the proposition that even under the former statute there had to be a complete failure to support and maintain during the then specified two-year period immediately preceding the filing of the petition. * * * Strictly construing the present statute [R.C.

17.

3107.07(A)] to protect the interests of the non-consenting parent, we conclude that the General Assembly intended that so long as the parent complies with his duty to support the child for any period during the one year immediately preceding the filing of the petition, then he has not failed to provide support as required by law, or judicial decree, for one year. Under those circumstances, the parent will not have abandoned his parental responsibilities to the extent that he will be deemed to have forfeited his parental rights.

{¶ 32} This sound interpretation of R.C. 3107.07(A) is reinforced by subsequent amendments to the statute. The prior version of R.C. 3107.07(A) provided:

> A parent of a minor, when it is alleged in the adoption petition and the court finds after proper service of notice and hearing, that the parent has failed without justifiable cause to communicate with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner.

{¶ 33} The General Assembly amended R.C. 3107.07(A) on April 7, 2009 to its current version, which states:

> A parent of a minor, when it is alleged in the adoption petition and the court, after proper service of notice and hearing, finds by clear and

convincing evidence that the parent has failed without justifiable cause to provide *more than de minimis contact* with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner.  (Emphasis added).

{¶ 34} "By changing the standard from 'communicate,' which could imply a single contact, to 'more than de minimis contact,' which seems to imply more than a single contact, the Legislature indicated its intent to require more effort from the parent to have contact and communication with the child." *In re J.D.T.*, 2012-Ohio-4537, 978 N.E.2d 602, ¶ 9 (7th Dist.).  Notably, the General Assembly could have similarly amended R.C. 3107.07(A) to require "*more than de minimis* maintenance and support," without justifiable cause, for parents to retain their right to consent to another person's adoption of their child.  It did not.

{¶ 35} Instead, the plain language of R.C. 3107.07(A) does not designate any qualifying amount of "maintenance and support" that a non-consenting parent must pay to avoid complete forfeiture of their parental rights—which means that any amount of maintenance and support during the relevant one-year period is sufficient to preserve one's rights.  This is the only interpretation that comports with the express language of R.C. 3107.07(A), which must be strictly construed in favor of the non-consenting parent. *In re Adoption of Sunderhaus*, 63 Ohio St.3d at 132, 585 N.E.2d 418.

**{¶ 36}** In my view, the Ohio courts that have concluded otherwise have improperly added qualifying language to "maintenance and support"—for example, "sufficient," "more than token," or "fulfilled"—even though such language is not contained in the governing statute itself. *See, e.g.*, *In re Adoption of K.N.W.*, 4th Dist. Athens Nos. 15 CA36, 15CA37, 2016-Ohio-5863, ¶ 30 ("solitary noncompliant support payment did not constitute *sufficient* maintenance and support of the minor children") (emphasis added); *In re R.N.L.O.*, 12th Dist. Warren No. CA2007-04-049, 2007-Ohio-4215, ¶ 13 (consent is not required where the parent "makes only negligible support payments but * * * is fully capable of providing *more than token* support to [the] child.") (emphasis added); *In re Adoption of Tyler K. Kilbane & Ashley Kilbane*, 130 Ohio App.3d 203, 208, 719 N.E.2d 1012 (8th Dist.1998) (consent was not required where the parent made child support payments, but "[i]t cannot be said that [he] *fulfilled* his support obligations in this case.") (emphasis added). When interpreting a statute, a court must presume that the legislature meant exactly what it said, and cannot delete words or add words that the legislature itself did not include. *Cleveland Elec. Illuminating Co. v. Cleveland*, 37 Ohio St.3d 50, 524 N.E. 2d 441 (1988), paragraph three of the syllabus ("In matters of construction, it is the duty of [a] court to give effect to the words used, not to delete words used or to insert words not used.").

**{¶ 37}** For these reasons, I would find that the trial court abused its discretion because, under the authority of *Celestino* and the plain language of R.C. 3107.07(A), the appellant provided maintenance and support to A.C.B. within the relevant one-year

20.

period.  *See In re Adoption of I.R.R.M.*, 5th Dist. Muskingum No. CT2013-0053, 2014-Ohio-1719, ¶ 28-29 (recognizing that "even a meager amount of support is sufficient to avoid a finding [that] the parent's consent is not required," citing *Celestino* with approval, and finding that non-consenting father did not fail to provide maintenance and support under R.C. 3107.07(A) because he made a single payment of $1,279 during the relevant one-year period).